## JOSEPH T. RYERSON & SON

*v.*

## WILLIAM P. SMITH, Assignee.

*Filed at Ottawa October 29, 1894.*

1. MECHANIC'S LIEN—*sub-contractor must pursue statute strictly.* The statute allowing sub-contractors' liens, being in derogation of common right, is strictly construed, and those invoking it must comply strictly with its terms.

2. SAME—*assignment by original contractor—sub-contractor's notice.* Where the original contractor assigns for the benefit of creditors, unless the owner has, previous to such assignment, received notice of a sub-contractor's claim in one or other of the ways named in section 30 of the statute, such sub-contractor can enforce no lien.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

On the 11th day of February, 1893, Joseph T. Ryerson & Son filed their petition, and afterwards, by leave of court, their amended petition, in the county court of Cook county, setting forth, in substance, that in August, 1892, the Porter Boiler Manufacturing Company, defendant in error's insolvent, entered into a contract with the Chicago, Rock Island and Pacific Railroad Company to erect a stand-pipe on the premises of said railroad company in Cook county; that in September of the same year the Porter Boiler Manufacturing Company entered into a similar contract with the World's Columbian Exposition Company to erect certain steam drums upon the premises of said company in the city of Chicago ; that in the same months of August and September of said year the Porter Boiler Manufacturing Company made sub-contracts with the petitioners, who agreed to furnish material for the execution of both of the foregoing contracts, which material was to be furnished at an agreed price, and to be paid for within four months after its delivery; that all of the materials so contracted for were duly delivered by petitioners during the months of August, September, October and the first four days of November, 1892, and were used in building the structures aforesaid ; that such materials to the value of $1423.91 were incorporated into the railroad company's structure, and to the value of $2152.54 were incorporated into the exposition company's structure; that on November 9, 1892, and before its contracts with the railroad and exposition companies, respectively, had been completed, the Porter Boiler Manufacturing Company became insolvent, and executed a deed of voluntary assignment for the benefit of its creditors to William P. Smith, who, under instruction of the county court,

proceeded to finish the work on the original contracts; that on December 2, 1892, the petitioners, not having been paid the amounts due them as above stated, served notices of their sub-contractors' mechanic's liens for said amounts, as required by law, on both the railroad company. and the exposition company; that on January 1, 1893, the work under the original contracts was completed, but both the railroad company and the exposition company refused to pay to the assignee the full amounts due from them, respectively, and insisted upon withholding the amounts claimed by the petitioners in their notices to them; that afterwards it was agreed among all of said parties that the railroad company and the exposition company should pay over to the assignee all the money due on each of said two original contracts, including the amounts claimed by petitioners, which the assignee should hold separate, and subject to the petitioners' claims, who, it was agreed, should file this their petition in the county court, which should adjudicate their rights with the same force and effect as if they had stood by their mechanic's lien proceedings; that the money in question was paid over to the assignee according to said agreement; that no other liens existed or could be thereafter set up against the said premises or funds, and that the petitioners had taken no other proceedings and held no other security. The petitioners prayed that their alleged right of mechanic's liens might be enforced, and that the amounts due them might be paid out of the money placed, by agreement, in the assignee's hands. The assignee demurred to the petition. The county court sustained the demurrer and dismissed the petition, from which order the petitioners appealed to the Appellate Court, and from the judgment of affirmance in that court bring the record here by writ of error.

Mr. ARTHUR RYERSON, for the plaintiffs in error.

Messrs. HAMLINE, SCOTT & LORD, for the defendant in error.

Mr. JUSTICE BAKER delivered the opinion of the court :

It appears from the petition of plaintiffs in error that the Porter Boiler Manufacturing Company, to whom they had furnished materials for the erection of certain structures on the premises of the Chicago, Rock Island and Pacific Railroad Company and the World's Columbian Exposition Company, in Cook county, became insolvent, and on the 9th day of November, 1892, made an assignment for the benefit of creditors to defendant in error. It also appears that on December 2, 1892, plaintiffs in error served notices upon both the railroad company and the exposition company, claiming their sub-contractors' mechanic's liens, under the statute, for the amounts then due them for the materials furnished, as above stated. The Porter Boiler Manufacturing Company's contract with the railroad company and its contract with the exposition company were both completed on the first day of January, 1893. The sole question presented for our decision is, whether or not, under the above state of facts, plaintiffs in error are entitled to the relief prayed for in their petition. In other words, were the notices served in time to give them liens under the mechanic's lien laws of this State.

It does not appear that any statement of its indebtedness to sub-contractors, mechanics, etc., was ever rendered by the Porter Boiler Manufacturing Company to either the railroad company or the exposition company, as provided for in section 35 of the mechanic's lien laws, so that plaintiffs in error can claim nothing under that section, but are compelled to rely entirely upon their notices.

Section 29 of the act in question is, in part, as follows : "Every sub-contractor, mechanic, workman or other person, who shall hereafter, in pursuance of the purposes of the original contract between the owner of any lot or

piece of ground, or his agent, and the original contractor, perform any labor or furnish any materials in building, altering, repairing, beautifying or ornamenting any house or other building or appurtenance thereto, on such lot or on any street or alley, and connected with such building or appurtenance, shall have a lien for the value of such labor and materials upon such house or building and appurtenances, and upon the lot or land upon which the same stands, to the extent of the right, title and interest of such owner at the time of making the original contract for such house or the improvement; but the aggregate of all the liens hereby authorized shall not exceed the price stipulated in the original contract between such owner and the original contractor for such improvement." Section 30 requires that the sub-contractor shall cause a notice, in writing, of his claim to be served upon the owner or his agent, and contains a proviso that "such notice shall not be necessary where the sworn statement of the contractor provided for in section 35 of this act shall serve to give the owner true notice of the amount due and to whom due." In section 33 it is provided that "no claim of any sub-contractor, mechanic, workman or other person shall be a lien under section 29 of this act, except so far as the owner may be indebted to the contractor at the time of giving such notice, as aforesaid, of such claim, or may become indebted afterward to him as such contractor."

It is hardly necessary to say, that statutes in derogation of common right should be strictly construed. Plaintiffs in error could have had no liens until service of notices as required by section 30. (*Shaw* v. *Chicago Sash, etc. Manf. Co.* 144 Ill. 520 ; *Butler* v. *Gain*, 128 id. 23.) Prior, however, to such service of notices, the Porter Boiler Manufacturing Company made an assignment for the benefit of its creditors. The notices, therefore, were insufficient to create liens ; and especially is this so, since it does not appear that anything was due from either the Chicago,

Rock Island and Pacific Railroad Company or the World's Columbian Exposition Company at the date of the assignment. It is true that the assignee took the insolvent's estate subject to existing liens and equities, but at the time of the assignment no liens or equities existed in favor of plaintiffs in error. The persons intended to be benefited by the statute must comply strictly with all its requirements before they can have any lien. See authorities cited *supra.*

The petition of plaintiffs in error shows that they are not entitled to the liens claimed by them.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*