## Kewanee Boiler Co. v. Genoa Electric Co.

1. MECHANICS' LIENS—*Law Must be Strictly Construed.* — The mechanics' lien law must be strictly construed and applied.

**Mechanics' Lien.**—Appeal from the Circuit Court of DeKalb County; the Hon. CHARLES A. BISHOP, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

J. V. A. WEAVER, attorney for appellant.

SAMUEL J. HOWE, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.
This was a petition filed by appellant under section 22 of the mechanics' lien law, to enforce a lien against certain premises alleged to be the property of the Genoa Electric Company. The petition alleges that on November 15, 1901, the Genoa Electric Company, a corporation organized under the laws of Illinois, was the owner of some right, title or interest in and to certain premises, describing them; that on said date the Genoa Electric Company made a contract with the Alden Electric Company, also an Illinois corporation, by the terms of which the Alden Com-

pany agreed to furnish material and labor necessary to construct and install for said Genoa Electric Company, an electric plant and apparatus upon said premises; that on said date the petitioner made a contract with the Alden Electric Company to furnish a boiler, pump and fittings to be used in connection with said electric plant for the sum of $763; that at the same time a verbal contract was made between the Alden Electric Company and petitioner specifying that such material was to be furnished expressly for the building erected upon said premises; that about December 6, 1901, petitioner delivered said material at the building on said premises and that all the material covered by the contract was installed in said building and became a part thereof; that the Alden Electric Company failed to pay petitioner the money due under the contract; that on January 13, 1902, the petitioner served upon the Genoa Electric Company a sub-contractor's notice of lien, and that at such date the Genoa Electric Company was, or thereafter became indebted to the Alden Electric Company to an amount in excess of $800 upon said original contract between them ; that the Alden Electric Company did not, within ten days after the making of its said original contract and before commencing work thereunder, give to the Genoa Electric Company, nor did the latter require of the former a statement in writing under oath, pursuant to section 5 of the mechanics' lien law; that the Genoa Electric Company has made payments under such original contract and that such payments were wrongfully made as against the rights of petitioner; that petitioner has applied to the Genoa Electric Company and the Alden Electric Company for the amount due it, but that such companies have failed to pay any part thereof, and that, by reason thereof, petitioner has become entitled to a lien for the amount due it, upon said premises. Certain other parties are mentioned as claiming to have an interest in said premises and they, together with the two electric companies above named, are made parties defendant.

The Genoa Electric Company filed an answer, admitting

service upon it of the notice of sub-contractor's lien mentioned in the petition and that it did not require of the Alden Electric Company, and that the latter did not give it, a statement under oath as required by section 5 of the mechanics' lien law, but denying all the other material allegations. The Alden Electric Company answered, denying that it had made either a written or verbal contract with the Genoa Electric Company for constructing and installing an electric plant on said premises, or that it furnished the Genoa Electric Company any of the materials named under said contract. It admitted the purchase from said petitioner of the material mentioned in the petition, but denied that the same was to be used pursuant to any contract between the Alden Electric Company and the Genoa Electric Company, and states that said material was purchased by Fred H. Alden and Jacob Geiserowich and was delivered to said persons at Genoa, Illinois. It averred that said material was bought by the Alden Electric Company from the said petitioner and sold in the ordinary course of trade. It admitted that it did not pay to said petitioner the purchase price of said material but states that before payment was due it, the Alden Electric Company was adjudged a bankrupt by the United States District Court for the Northern District of Illinois, and set up an order entered by said court purporting to restrain said petitioner from prosecuting its suit in the DeKalb County Circuit Court, to a judgment against the Alden Electric Company. The other defendants answered, neither admitting nor denying the allegations of the petition but calling for strict proof thereof, and claiming an interest in said real estate prior to that of said petitioner.

At the close of the proofs offered for petitioner the Genoa Electric Company and the Alden Electric Company interposed a motion to dismiss the petition for want of equity. The court sustained the motion and dismissed the petition.

The court by its decree found, among other things, that on November 15, 1901, George Loptien owned the premises in

question; that he acquired title thereto pursuant to a verbal agreement between himself, Fred H. Alden and Jacob Geiserowich, to organize a corporation to be known as the Genoa Electric Company; that Loptien was to furnish $5,000 in money or material for the construction of an electric light plant in Genoa, and Alden and Geiserowich were to furnish $2,500 each; that when the plant should be completed the Genoa Electric Company should be organized with a capital stock of $10,000; that Loptien should receive $5,000 of said stock and Alden and Geiserowich $2,500 each of said stock; that the purchase price of said real estate was paid by Loptien out of his own funds as part of his contribution of $5,000 toward the construction of said electric light plant; that pursuant to said understanding and agreement Alden and Geiserowich purchased from the Alden Electric Company the boiler and material described in the petition and that petitioner, by the direction of the Alden Electric Company, shipped the same to the Genoa Electric Company and that the same were delivered to said last named company and installed in said plant on December 15, 1901; that after said material had been delivered, said Genoa Electric Company paid Alden and Geiserowich therefor, by issuing to each of them thirteen shares of stock of the Genoa Electric Company of the par value of $100 each, pursuant to the said agreement between Loptien, Alden and Geiserowich; that said petitioner never had any contract, express or implied, with the Genoa Electric Company, and that on the 13th day of January, 1902, the Genoa Electric Company was not indebted nor did it thereafter become indebted to the Alden Electric Company in any sum of money whatever, on any contract, express or implied, between said Genoa Electric Company and the Alden Electric Company; that the equities of the case were with the defendants and that petitioner did not have, nor did it ever have, any contract, express or implied, with the Genoa Electric Company, upon which its claim for lien could be sustained.

We are of opinion that the decree should be affirmed for two reasons: (1) Appellee charges that there was an origi-

nal contract between the Alden Electric Company and the Genoa Electric Company, by which the Alden Electric Company was to furnish the machinery mentioned to the Genoa Electric Company, and that there was a sub-contract by which the Kewanee Boiler Company was to furnish said machinery to the Alden Electric Company, so that the latter might perform its contract with the Genoa Electric Company. The evidence introduced by the petitioner showed that when the order was given by the Alden Electric Company to the Kewanee Boiler Company, whether on November 15th as charged by the bill, or on November 25th as appears by the exhibit offered in evidence, the Genoa Electric Company was not an existing corporation, and therefore could not have made an original contract with the Alden Company as alleged in the bill. The Genoa Electric Company did not in fact become a corporation authorized to do business earlier than December 9, 1901, which was the date of the certificate of corporation issued to it by the secretary of state. (2) The petitioner's proof further showed that in fact the Alden Electric Company ordered the machinery for and sold it to Alden and Geiserowich; that it owed these persons an amount equal to the bill for the machinery and that the machinery paid the bill; that Alden and Geiserowich sold the property to the Genoa Electric Company in fulfillment of an arrangement under which that company was organized, and that they received certain shares of stock of the Genoa Electric Company in payment for these goods. The proof that such was the case is positive and direct. It is true there were some circumstances which, if this were a bill in equity to set aside the sales mentioned, might tend to question the good faith of the several transactions; however, this is not a bill to determine equitable rights, but to establish a right to a mechanics' lien. The mechanics' lien law must be strictly construed and applied. Ryerson v. Smith, 152 Ill. 641.

The petitioner's own proof shows that the actual contracts were different from those stated in the petition, and the court properly denied the relief sought.

Decree affirmed.