PETER F. SCHAPP, Respondent, v. SHERMAN BLOOMER et al., Appellants.

NEGLIGENCE — LABOR LAW APPLIES TO SCAFFOLDING IN SPECIFIED CASES ONLY. Ordinary staging put up in a room from four to six feet above the floor to facilitate the placing of fixtures cannot be regarded as a scaffold within the meaning of the Labor Law (L. 1897, ch. 415, §§ 18, 19), which limits the scaffolding to be constructed to certain specified cases, such as "the erection, repairing, altering or painting of a house, building or structure:" and where the common law imposes no liability upon the master for an injury resulting to an employee from its use he cannot be held liable under the statute.

*Schapp* v. *Bloomer*, 90 App. Div. 612, reversed.

(Argued February 28, 1905; decided March 7, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 15, 1904, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*P. M. French* for appellants. The Labor Law has no application to the facts of this case. (L. 1897, ch. 415; *Conley* v. *L. I. & S. Co.*, 94 App. Div. 149; *Rotondo* v. *Smyth,* 92 App. Div. 153; *Stewart* v. *Ferguson,* 164 N. Y. 553; *Holloway* v. *McWilliams,* 97 App. Div. 360; *Jenks* v. *Thompson,* 179 N. Y. 20.)

*S. N. Sawyer* and *S. B. McIntyre* for respondent. This action properly comes within the scope of the Labor Law. (L. 1897, ch. 415, § 1; *Stewart* v. *Ferguson,* 164 N. Y. 553; *Johnson* v. *Roach,* 83 App. Div. 351; *Harvey* v. *McConchie,* 77 App. Div. 361; *Wingert* v. *Krakauer,* 76 App. Div. 34; *Jenks* v. *Thompson,* 83 App. Div. 343; *Walters* v. *Fuller Co.*, 82 App. Div. 254; *Healey* v. *Burke,* 35 Misc. Rep. 384.)

HAIGHT, J. The appellants were engaged in the business of manufacturing paper boxes at Newark, N. Y. They had constructed a new building for their factory and employed the plaintiff to hang the shafting and set the necessary machinery therein. The room in which the shafting was to be hung was one hundred and twenty-eight feet long by forty-eight feet wide and twelve feet high. The plaintiff arrived at the defendants' factory shortly after noon on the 12th of December, 1900, for the purpose of commencing his work, and thereupon the defendants directed Cosgrove and Quance, two employees, to build a scaffolding in the room. This was done in the presence of the plaintiff, by placing horses from four to six feet high through the room and laying planks thereon, and by utilizing some large rolls of paper that were found in the room, in place of horses, and at the end by nailing a board across one of the upright posts in the room so as to have the end extend out the width of the scaffold, and then supporting it with a brace nailed at the end of the board and to the lower part of the post in the form of a figure four and placing planks thereon. It is a controverted question of fact in the case as to whether the plaintiff took part in constructing the scaffold, but that question was disposed of by the ver-

dict of the jury, and we must assume that he did not take part in its construction. After it was constructed, the plaintiff, with Cosgrove and Quance, went upon it and while engaged in making a line with a straightedge at the place where the shafting was to be hung, and while the three were over the support figure four, one of the boards split so that the nails pulled through the brace and the scaffold fell to the floor of the room and in the fall the plaintiff received an injury to his leg, for which this action was brought.

At common law it is apparent that the defendants would not be liable. This was practically conceded upon the trial, for the contention was there made that the defendants were liable under the provisions of the Labor Law, and the case appears to have been tried upon that theory. At the conclusion of the evidence given on behalf of the plaintiff a motion for a nonsuit was made upon various grounds, one of which was to the effect that the plaintiff had not proved facts sufficient to constitute a cause of action, which was denied and an exception taken; and at the conclusion of the evidence this motion was renewed, with a like ruling and exception.

The provisions of the Labor Law, relied upon by the plaintiff (chapter 415 of the Laws of 1897, sections 18 and 19), so far as material, provide as follows: "A person employing or directing another to perform labor of any kind *in the erection, repairing, altering or painting of a house, building or structure* shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged. * * * All swinging and stationary scaffolding shall be so constructed as to bear four times the maximum weight required to be dependent therefrom or placed thereon, when in use."

The question brought up for review is as to whether the scaffold constructed in this room for the purpose of affixing

the shafting to the ceiling is a scaffold contemplated by the provisions of this act. These provisions were considered by this court in the case of *Stewart v. Ferguson* (164 N. Y. 553) in which we held that the duty devolved upon the master of seeing that the scaffold was so constructed as to be safe and to afford protection to the life and limb of persons employed or engaged thereon. But the question now raised was not involved in that case nor considered. In construing this statute we should endeavor to ascertain its fair and reasonable meaning, avoiding a construction which either extends or limits its provisions beyond that which was evidently intended. As we have seen, the statute limits the scaffolding to be constructed to certain specified cases, such as the *erection, repairing, altering or painting of a house, building or structure.* The limitation to specified cases shows that it was not intended to include scaffolding in all cases. What the legislature evidently had in mind was scaffolding on buildings or structures where its use was obviously dangerous to life and limb of an employee thereon in case of a fall. If ordinary staging, put up in a room from four to six feet above the floor to facilitate the placing of fixtures, was intended to be included as among the *specified cases* we should find it difficult to suggest a scaffold that would not fall within the limitation of the statute. To so hold would practically extend it to all cases in which scaffolds are used. This would be an unauthorized departure from the rule of construction to which we have called attention. For this reason we think the exception taken to the refusal of the defendants' motion for a nonsuit requires a reversal.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Cullen, Ch. J., Gray, O'Brien, Vann and Werner, JJ., concur; Bartlett, J., not voting.

Judgment reversed, etc.