(110 App. Div. 755.)

### FALLON v. MERTZ et al.

(Supreme Court, Appellate Division, Second Department.　January 26, 1906.)

1. EVIDENCE—PRESUMPTIONS—LAWS OF OTHER STATES.

> Where an accident happened in Connecticut and a resulting action for injuries was brought in the courts of New York and the law of Connecticut was not proved, the common law of New York would govern the disposition of the case.
>
> [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 101.]

2. MASTER AND SERVANT—DUTIES OF MASTER—SAFE APPLIANCES.

> It is the duty of a master to use reasonable care to furnish a safe derrick to servants engaged in hoisting and lowering blocks of stone into position on a building.
>
> [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 173, 199.]

3. SAME—INJURIES TO SERVANT—NEGLIGENCE OF FELLOW SERVANTS—LIABILITY OF MASTER.

> Where servants are engaged in hoisting and lowering blocks of stone into position on a building by means of a derrick and are obliged in the progress of the work to shift the derrick from place to place on the building without the aid or supervision of the master, the master is not liable for injuries to one of the servants caused by the negligence of the other servants in moving or setting up the derrick or placing it in an unsafe position.
>
> [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 352.]

4. SAME—NEGLIGENCE—RES IPSA LOQUITUR.

> The falling of a derrick set up by servants, which results in injury to another servant raises no presumption of negligence against the master.
>
> [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 881.]

5. TRIAL—INSTRUCTIONS—APPLICABILITY TO THE FACTS.

> Where the servants are engaged in erecting a building and their places to work on the walls and elsewhere are constantly changing by force of the work itself, a charge on the duty of the master to furnish a safe place to work is inapplicable to the circumstances.

Appeal from Trial Term, Westchester County.

Action by Thomas Fallon against Louis C. Mertz and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.　Reversed.

Argued beore JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Henry C. Henderson (De Witt H. Lyon, on the brief), for appellants.
Michael J. Tierney, for respondent.

GAYNOR, J.　This action was to recover damages for injuries done to the plaintiff by the fall of a small portable derrick which was being used by him and his fellow workmen in hoisting and lowering blocks of stone into position on a building.　All were in the employ of the defendants.　The accident happened in the state of Connecticut, and as the law of that state was not proved the common law of this state applies.

The plaintiff claimed that the derrick fell because it did not have a proper footblock with sockets for the two legs of the derrick to set

in so as to keep them in position, and that in consequence they slipped from their position from the weight of the hoist, causing the derrick -to fall. This was the main subject of contention.

It was the duty of the defendants, the masters, to use reasonable care to furnish a safe derrick. But the men had to set it up and shift it from place to place on the building as required in the progress of the work, and they had set it up without any participation of the defendants. That was a detail of the work they were employed to do. For the negligence of any of them to the plaintiff in doing it the master was not liable. These are rules too common among us to call for citation of authority.

It is therefore plain that the exception to the charge that negligence could be found against the defendants if the derrick fell from not being set up in a safe position presents a radical error; and the same is true of the exception to the charge of the overzealous request of plaintiff's counsel, made after the main charge, that the falling of the derrick alone raised a presumption of negligence in the defendants. The maxim, "The thing speaks for itself," did not apply to the case, for the derrick might have fallen from being set up negligently, or from being used negligently by the plaintiff and his fellow workmen, as the defendants contended, and as the jury might well have found.

The learned trial judge also refused to charge at the request of counsel for the defendants (1) that the men using the derrick with the plaintiff were his fellow servants; (2) that if the derrick fell from the negligence of his fellow servants the plaintiff could not recover; (3) that the master is not liable to a servant for the negligence of fellow servants in the performance of acts pertaining to their duties and not to the duties of the master; (4) that to hold the employer liable the burden was on the servant to prove that the apparatus was an unsafe one; (5) that the master is not liable for negligence of a fellow servant in the performance of a detail of the work entrusted to him, which is a work of the servant, although such servant was a foreman or of a higher grade than the injured servant; (6) that the placing of the derrick in position to hoist was a detail of the work, for the negligent doing of which the defendants were not liable. The exception to each of these refusals is vital. The requests were all necessary, for their substance had not been covered by the main charge.

It would have been the better and the proper practice if the list of requests to charge had been handed up to the court during the summing up of counsel, at the latest, so that they could have been carefully read by the learned trial judge and each marked refused or granted, and handed back to counsel to read those granted to the jury before the beginning of the charge, or to hold them until after the charge, if the court so permitted, and then only request the charge of any not substantially covered by the charge. The practice of holding such requests until after the charge, and then reading them and having them passed upon, usually distracts and perplexes the jury, and destroys the effect upon them of the main charge. It should not be indulged in.

The charge of the duty of a master to furnish a servant with a safe place to work was also erroneous. It was misleading to the jury. It

was inapplicable to the case. No place to work was or could be furnished by the defendants. The men were erecting a building, and their places to work on the walls and elsewhere were changing by their own work all the time. The plaintiff was guiding the suspended stone to its place on a chimney when the accident happened, and the derrick stood near by on the roof. There was no question of a safe place to work in the case.

The judgment and order are reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.