(112 App. Div. 860)

ANTES v. WATKINS et al.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

1. APPEAL—PRESERVING GROUNDS OF ERROR—EXCEPTIONS—MOTION TO DISMISS.

Where no exception was taken to the action of the court in reserving decision upon a motion to dismiss until after verdict, an exception to the granting of the motion did not entitle the excepting party to contend on appeal that the court had no authority to grant the motion after the verdict.

2. MASTER AND SERVANT—DEFECTIVE SCAFFOLDING—SERVANTS OF INDEPENDENT CONTRACTOR.

Under Labor Law, Laws 1897, p. 467, c. 415, § 18, declaring that a person employing another to perform labor in the erection of a house shall not furnish or erect scaffolding which is unsafe and not so constructed as to give proper protection to the employé, a person employing an independent contractor to erect a house is under no obligation to furnish

: tools or appliances to servants of the contractor, and is not liable for injuries to such a servant through the erecting of a scaffold, which the servant himself constructed from materials furnished by the owner, and which he used after the owner had warned him that it was unsafe.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 1262.]

Appeal from Trial Term, New York County.

Action by Margarete Antes, as administratrix, against William H. Watkins and others. From a judgment dismissing the complaint as against the defendant named and another, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Frederick S. Martyn, for appellant.
Frank V. Johnson, for respondents.

PATTERSON, J. The plaintiff appeals from a judgment entered upon the dismissal of the complaint as to the defendants William H. and Joseph Watkins. The action was brought against the defendants Watkins, owners of a lot of land in the borough of Manhattan, city of New York, on which they were constructing or causing to be constructed a house, and against the defendants Shohmenger & Rosenbaum, who were engaged as contractors in doing certain work as builders and framers upon such house. It is alleged in the complaint that the plaintiff's intestate was a carpenter in the employ of Shohmenger & Rosenbaum; that William H. Watkins, for himself and for the defendant Joseph Watkins, personally directed and controlled the building of the house, and took part in the construction thereof, "including the construction of a certain scaffold" built upon the outside of the house, upon which plaintiff's intestate in the course of his employment was required to work; that it was the duty of the defendants Watkins and of the defendants Shohmenger & Rosenbaum to furnish plaintiff's intestate with a reasonably safe place to work, and with reasonably safe tools and appliances with which to do his work, and to keep the same in reasonably safe repair, and that, unmindful of their duty in this respect, the defendants carelessly and illegally neglected and failed to give plaintiff's intestate a safe place to work, and provide him with reasonably safe and proper materials, and keep the same in reasonably safe repair, all of which was known to the defendants, and not known to the plaintiff's intestate, and that by reason of the carelessness and neglect of the defendants, as aforesaid, the said scaffold upon which the plaintiff's intestate was working on a certain date was precipitated to the ground, and he thereby sustained injuries which caused his death. The defendants Watkins answered the complaint, admitting their ownership of the premises, but denied the other substantial allegations thereof, and their answer contains the usual allegation of contributory negligence of the plaintiff's intestate. The defendants Shohmenger & Rosenbaum denied all the allegations of the complaint. On the trial of the cause the following facts were established without contradiction. The plaintiff's intestate was employed by Shohmenger & Rosenbaum, who contracted with the defendants Watkins to furnish the labor and do all the framing work connected with the construction

of the house. The defendants Watkins were to furnish all the materials. Antes, the plaintiff's intestate, and one Eckert, carpenters employed by Shohmenger & Rosenbaum, worked upon a scaffold which was constructed from material upon the premises belonging to the defendants Watkins. Antes and Eckert selected the material, constructed the scaffold, and tested it. The scaffold was built of hemlock and spruce. It rested upon two horses inside the building, with two pins projecting outside, and was braced from the bottom and the ceiling inside the building. It was a movable structure, and was first put up and used by Antes and Eckert on a Saturday. It was moved from story to story, and on the following Monday it was at the fourth floor. Antes and Eckert were working upon it all Monday morning. About noon of that day it broke. One of the pins or spruce crosspieces that went from one horse to another inside of the building broke two feet from the exterior end, and the men working upon it fell to the ground, and Antes was killed. Liability was imputed to all of the defendants, upon the claim of a violation of section 18 of the Labor Law, Laws 1897, c. 415, p. 467, which provides that:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged."

In submitting the cause to the jury, the trial judge instructed them that the duty rested upon the employers to use reasonable care to furnish their employés with a safe place in which to perform their labor, called their attention to the above-cited provision of the labor law, and directed them to pass upon the question of the scaffold being a safe structure upon which to work; and they were told that, if the scaffold was constructed by the decedent himself and his fellow workman, and there was carelessness on the part of the fellow workman in the construction, that carelessness is chargeable against the master; and, on the other hand, if the decedent himself saw defects in the scaffold, or if there were any defect discernible by the exercise of reasonable care on his part, he would be deemed to have assumed whatever risks were incident to such defects; and if the resulting collapse or breaking of the scaffold was produced by defects of which the decedent had knowledge, or which by the exercise of reasonable care he might have discovered, no one would be liable; and as to the defendants Watkins, liability would depend upon their having assumed to give directions with respect to the construction of the scaffold, in connection with the fact of the material used belonging to or having been furnished by them. The court also specifically instructed the jury that they could not find a verdict against the defendants Watkins unless there was a direction given by them, or one of them, concerning the construction of the scaffold; that a suggestion only relative to it was not of itself sufficient, and that they must be satisfied that there was a direction given. The jury found a verdict for the plaintiff against the defendants Watkins, but they also found in favor of the defendants Shohmenger & Rosen-

baum. After the rendition of the verdict, a motion to dismiss the complaint as to the defendants Watkins, which had been made at a previous stage of the trial, but the decision of which was reserved until after the verdict, was granted, and from the judgment entered upon the dismissal of the complaint this appeal is taken.

It is argued by the appellant that the court had no authority after a general verdict to dismiss the complaint, and that for that reason the verdict must be reinstated. There are decisions to the effect that after a general verdict the court cannot dismiss a complaint upon the merits. (Hoey v. Met. St. Ry. Co., 70 App. Div. 60, 74 N. Y. Supp. 1113; Levy v. Grove Co., 80 App. Div. 384, 80 N. Y. Supp. 730), but in each of those cases the reservation of a decision upon the motion to dismiss was excepted to when the court announced its purpose. No exception was taken in the present case to the reservation. Counsel for the plaintiff, by neither objecting nor excepting, acquiesced in the ruling of the court. The only exception taken was to the disposition ultimately made of the motion, and not to the reservation, and in such circumstances an objection to the procedure is not now available to the appellant.

The only matter for consideration, then, is the propriety of the dismissal of the complaint as to the defendants Watkins. Their liability must repose altogether upon their acts or conduct with relation to the erection of the scaffold. They were not the employers of Antes; the relation of master and servant did not exist as to them; they were under no duty or obligation as employers to furnish him with tools, appliances, apparatus, or accessories of his work. If they remained aloof from the whole matter, they violated no duty to the decedent. There is nothing in the provision of the labor law which requires the owner of a building which is being constructed for him by an independent contractor to provide anything for the performance of that work by the contractor or his employés. The words of the statute are not to be extended or limited by construction. Schapp v. Bloomer, 181 N. Y. 125, 73 N. E. 563. There was not evidence sufficient to go to the jury that the defendants Watkins, the owners, undertook to direct Antes and his fellow servant in the construction and erection of this scaffold. The only proof upon the subject is that one of the defendants Watkins told these workmen that the scaffold they intended to erect was an insufficient one. They persisted in constructing it according to their own method, and with the material selected by them. It can scarcely be said that the defendants Watkins directed the erection of this particular scaffold when they merely gave a solemn warning against its construction and use, which was unheeded and totally ignored.

A nonsuit was right, and the judgment appealed from should be affirmed, with costs. All concur.

INGRAHAM, J. I concur with Mr. Justice PATTERSON. The action of the trial court in reserving its decision upon the defendants' motion for a dismissal of the complaint on behalf of the defendants Watkins until after the verdict of the jury was justified by section 1187 of the Code of Civil Procedure. That section provides:

"When a motion is made to non-suit the plaintiff or for the direction of a verdict, the court may, pending the decision of such motion, submit any question of fact raised by the pleading to the jury or require the jury to assess the damage. After the jury shall have rendered a special verdict upon such submission or shall have assessed the damage, the court may then pass upon the motion to non-suit or direct such general verdict as either party may be entitled to."

The court reserved the motion for a nonsuit, and submitted to the jury the question as to whether the defendants, or either of them, were guilty of negligence. Whereupon the jury retired, and upon returning announced a verdict in favor of the plaintiff against the defendants Watkins, the owners of the property, in the sum of $5,000, whereupon the court granted the motion, the decision of which had been reserved, to dismiss the complaint against the defendants, the owners of the property. The questions of fact which were submitted to the jury were whether the defendants Watkins were guilty of negligence and whether the plaintiff's intestate was free from contributory negligence; and, under the general authority conferred upon the court by this section of the Code, the court had power to determine the question as to whether the evidence was sufficient to sustain the verdict against the respondents. But if the motion for a nonsuit had been denied, and the case submitted to the jury, who had found a general verdict for the plaintiff, if there was no evidence in plaintiff's favor which justified the verdict, the court was at liberty to dismiss the complaint, notwithstanding the previous submission of the case to the jury. Glennon v. Erie R. R. Co., 86 App. Div. 397, 83 N. Y. Supp. 875, affirmed on appeal 180 N. Y. 562, 73 N. E. 1124.

I also concur with Mr. Justice PATTERSON that there was no evidence to justify a verdict against the respondents.