Patterson, J.:
The plaintiff appeals from a judgment entered upon the dismissal of the complaint as to the defendants William H. and- Joseph Watkins. The action was brought against the defendants Watkins, owners of a lot of land in the borough of' Manhattan, city of MeW York, on which they were constructing or' causing to be constructed a house, and against the defendants Strohmenger & Rosenbaum, who were engaged as contractors in doing certain work as builders and framers upon such house. It is alleged, in the complaint that the plaintiff’s intestate was a carpenter in the employ of Strohmenger & Rosenbaum; that William H. Watkins for himsqlf and for the defendant Joseph Watkins personally directed and controlled the building of the house and took part in the construction thereof, “including the construction of a certain scaffold” built upon the outside of the house upon which plaintiff’s intestate in-the course of his employment was required to work; that it was *862 the duty of^the defendants Watkins and of the .defendants Strolimenger & Rosenbaum to furnish plaintiff’s intestate, with a reasonably safe place to work and with reasonably safe tools and appliances with which to do his work and to keep _ the same in reasonably safe repair, and that unmindful of their duty in this respect' the defendants carelessly and illegally neglected arid faded to give plaintiff’s intestate a safe place'to Work and provide him with reasonably safe and proper materials arid keep, the sanie in reasonably safe repair, all of which was known-to the defendants and not known to the plaintiff’s intestate, and that by reason of the carelessness and neglect of the defendants as aforesaid the said .scaffold upon which the plaintiff’s intestate was working on a." certain date was precipitated to the ground - and he thereby sustained injuries which caused his death. The defendants Watkins answered the complaint,, adrriitting their ownership of the'premises, but denied the other substantial allegations thereof and their answer contains the usual allegation of contributory negligence of the plaintiff’s intestate. The defendants Stroll menger & Rosen- . baum denied all <the allegations of the complaint. On the.trial of the cause the following facts Were established without contradiction : The plaintiff’s intestate was. employed by Strohmenger & Rosenbaum,. who contracted with the defendants Watkins fo furnish the labor and do all the framing work connected with, the-construction' of the house. The defendants Watkins were to furnish all 'the materials. Antes, the plaintiff’s intestate, and one Eckert, carpenters employed by Strohnieriger & Rosenbaum, worked upon a scaffold which was constructed from material upon ‘ the premises belonging to the defendants Watkins^ Antes and Eckert selected the material, constructed the scaffold and tested it. The scaffold was built of hemlock and spruce. .’ It rested upon two horses inside the building, with two pins projecting outside, and was braced from the bottom and the ceiling inside the building. It was a movable structure and was first put up and used by Antes and Eckert on a Saturday. It Was unove.d from story ter story,, arid on the following Monday it was at the fourth floor. Antes and Eckert Were working upon it all Monday morning. About noon of that day it broke — one of the pins or spruce crosspieces that went from orie hoj’se. to another inside of the building broke two feet from the' *863 exterior end, and the men working upon -it fell to the ground and Antes was killed. Liability was imputed to all of the defendants upon the claim of a violation of section 1,8 of the Labor Law (Laws of 1897, chap. 415), which provides that “ a person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to. be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged.” In submitting the cause to the jury the trial judge instructed.them that the duty, rested upon the employers to use reasonable care to furnish their employees with a safe place in which to perform their labor, called their attention to the above-cited provision of the Labor Law and directed them to pass upon the question of the scaffold being a safe structure upon which to work, and they were told that if the scaffold was constructed by the decedent himself and his fellow-workman, and there was carelessness on the part of the fellow-workman in the construction, that carelessness is "chargeable against the master; and, on the other hand, if the decedent himself saw defects in the scaffold, or if there were any defect dis- ^ cernible by the exercise of reasonable care on his part, he would be deemed to have assumed whatever risks were incident 'to such defects, and if the resulting collapse or breaking of the .scaffold was produced by defects of which the decedent had knowledge, or which, by the exercise of reasonable care, lie might have discovered, no one would be liable. And as to the defendants Watkins, liability would depend upon their having asshmed to give directions with respect to the construction of the scaffold in connection with the fact of the material used belonging to or having been furnished by them. The court also specifically instructed the jury that they could not find a verdict against the defendants Watkins unless there was a direction given by them or one of them concerning the construction of the scaffold; that a suggestion only relative to it was not of itself sufficient and that they must be satisfied that there was a direction given. The jury found a verdict for the plaintiff against the defendants Watkins but they also found in favor of the *864 defendants Strohmenger & Rosenbaum. After the rendition' of the verdict, a'motion to dismiss, the complaint .as to the defendants Watkins-—-which had been made at a previous stage of the trial, but the decision of which was reserved, until after the verdict—«-was granted and from the judgment entered upon .the dismissal of the complaint this"appeal is taken.
It is argued- by the appellant that the court- had'no authority after a.general verdict to dismiss the complaint and that for that reason the verdict must be reinstated. There are decisions to tire effect that after a. general verdict the court cannot dismiss a complaint upon the merits (Hoey v. Met. St. R. Co., 70 App. Div. 60; Levy v. Grove Mills Paper Co., 80 id. 384), but in each of those cases the'.reservation. of á decision upon the motion to dismiss was excepted to when the court announced its purpose. Ro exception was taken-in the present case to file reservation. Counsel for the plaintiff by neither objecting nor excepting acquiesced jn the ruling of the court. The only exception taken was to the disposition ultimately mademf the motion and not to the reservation, and in such circumstances an objection to. tile procedure is not now available to the appellant.
The. only matter for consideration, then, is the. propriety of the dismissal of the 'complaint as to the defendants Watkins. Their liability must repose altogether upon their acts ór co.nduct with relation to-the erection of the scaffold, They were riot the employers of Antes; the relation of master and servant did not exist as to them; they were under no duty or obligátio'n.,as employers, to furnish him with tools, appliances, apparatus or accessories of his work: If they remained aloof from the whole matter, they violated no duty to the decedent. There is-nothing in the provision of the Labor Law which requires the owner of a building which is being constructed for him by an independent contractor to provide anything for the performance of that work by the contractor or his employees. The words of the statute áre not to be extended or limited by construction. (Schapp v. Bloomer, 181 N. Y. 125.) There Was hot-evidence sufficient to go to the jury that the defendants Watkins, the owners, undertook to direct Antes and his fellow-servant in the construction and erection of this scaffold. The only proof upon the subject is that one of the defendants Watkins told , these workmen, *865 that the scaffold they intended to erect was an insufficient one. They persisted in constructing it according to their own method and with the material selected by them. It can scarcely be said that the-defendants Watkins directed the erection of this particular scaffold when they merely gave a solemn warning against its construction and use, which was unheeded and totally ignored.
A nonsuit was right and the judgment appealed from''should be affirmed, with costs.
O’Brien, P. J., Laughlin and Clarke, JJ., concurred.