### WARREN v. POST & McCORD.

(Supreme Court, Appellate Division, First Department. November 13, 1908.)

1. MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—"SCAFFOLD"—LABOR LAW.

Plaintiff, an iron worker in defendant's employ in the erection of a steel building, was setting up a derrick on the first floor over an open space 30 feet deep. Defendant's general foreman directed plaintiff and his co-employé to get a couple of horses and put a plank across them, so they could reach their work. Plaintiff started to get one of several new planks, when the foreman directed him not to take them, but to take other old, but larger, planks lying near by. The horses were placed, one each side of the hole, and a plank placed thereon, which broke as plaintiff came near the center and precipitated him into the basement, causing his injuries. *Held*, that such contrivance constituted a "scaffold," within Labor Law (Laws 1897, p. 467, c. 415) §§ 18, 19, making it the absolute duty of the master to furnish proper and safe material for the construction of scaffolds necessary in building construction, etc.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*

For other definitions, see Words and Phrases, vol. 8, p. 7795.]

2. MASTER AND SERVANT (§ 103*)—INJURIES TO SERVANT—DEFECTIVE SCAFFOLD—LABOR LAW—DELEGATION OF DUTY.

The duty of a master, under Labor Law (Laws 1897, p. 467, c. 415) §§ 18, 19, to furnish and erect a safe scaffold, is absolute, and cannot be delegated.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 175; Dec. Dig. § 103.*]

3. MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—ERECTION OF SCAFFOLD.

Under Labor Law (Laws 1897, p. 467, c. 415) §§ 18, 19, requiring a master to furnish and erect a safe scaffold for the use of employés, where a master furnished unsafe material, the fact that plaintiff and his fellow servant actually put it in position at the place and for the purpose

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ordered did not bar plaintiff's right to recover for injuries caused by the breaking thereof.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*]

4. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEG-LIGENCE.

Where plaintiff was injured by the breaking of material furnished for the construction of a scaffold, evidence *held* to require submission of the question of plaintiff's negligence to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

McLaughlin and Houghton, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Claude D. Warren against Post & McCord. From a judgment for plaintiff for $2,641.43, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Frank Verner Johnson (Charles J. Fay, of counsel), for appellant. Thomas J. O'Neill, for respondent.

CLARKE, J. The defendant was erecting a steel frame building at Thirty-Ninth street and First avenue, in the city of New York. The plaintiff was an iron worker in its employ. Skeleton steel construction had been put up, and the first floor, which was about 30 feet above the basement. A lattice work steel derrick had been raised from the cellar to the first floor and was being set up, in order that with it the iron beams could be raised to their proper positions in the further construction of the building. This derrick was secured by cables from the top which were being set up taut by the use of turn buckles. The plaintiff and one Sprague were engaged in so setting up one of the cables. They had screwed up the turn buckle as high as they could reach while standing on the floor beams. There was an opening in the floor, from 8 to 10 feet wide and about 10 or 12 feet long. The plaintiff testified that Lowman, the general foreman of defendant, seeing that they were trying to work over their reach, told them—

"to get a plank and build a scaffold so we could reach it; a couple of horses, and put across it, and build a scaffold, so we could reach our work. When he told us that, to get a plank and go and build a scaffold with two horses, we each got a horse, and then there were all kinds of planks lying there, and amongst them was several new planks. I went to get one of those new planks, and he said: 'Don't take those planks away from there. Take some of these' —pointing over to where there was some old planks of a larger dimension, I think, than the others. He indicated or pointed out the plank to us. We went and got that plank, and put it on the horses exactly as he pointed out. I should say the plank was 18 feet, possibly 20 feet, long. My best judgment would be it was 3 inches thick and 10 inches wide."

Lowman admitted that the men were engaged in setting up the guy as testified to under his supervision, but denied that he had given any instructions whatever with reference to getting either the horses or the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plank. Gaines, the derrickman and assistant foreman, with power to direct the men, testified that he told Sprague to get the horses and a plank and tighten up that buckle. The horses were placed, one on each side of the hole, by the plaintiff and Sprague, and the plank was placed, resting upon the horses and across the hole. Sprague got on the scaffold ahead of the plaintiff, and walked out to where the guy was, and put his hand on it. The plaintiff got on the plank with a bar on his shoulder, and as he came near the center of it the plank broke. Sprague saved himself by holding onto the guy. Plaintiff fell some 30 feet into the basement, and received the injuries complained of.

A motion to dismiss the complaint at the close of the whole case was denied, and the case was submitted to the jury; the learned court charging, among other things, as follows:

"This action is brought under section 18 of the labor law, which provides that a person employing or directing another to perform labor of any kind in the erection, repairing, altering, or painting of a house, building, or structure shall not furnish or erect, or cause to be furnished or erected, for the performance of such labor, scaffolding, hoists, stays, ladders, or other mechanical contrivances which are unsafe, unsuitable, or improper, and which are not so constructed, placed, and operated as to give proper protection to the life and limb of the person so employed or engaged. The scaffold was erected by the plaintiff and his fellow employé, and a plank was taken by them from a pile of similar planks lying upon the floor. Under the labor law, which I have stated to you, the duty was upon the defendant to furnish or direct a scaffold to be constructed or operated so as to give proper protection to the life and limb of the plaintiff, and that duty could not be delegated, nor liability evaded by an attempted delegation of such duty."

The defendant requested the court to charge that the structure in this case did not come within the provisions of sections 18 and 19 of the labor law (Laws 1897, p. 467, c. 415). That request being refused, the defendant excepted. The charge in other respects was unexceptionable, and the question, therefore, presented to this court, is whether, under the circumstances of this case, a plank placed upon two horses across an opening in the floor of a steel frame building in process of construction, used for the purpose of enabling men to reach the guy ropes of a derrick for the purpose of properly setting it up, in order that the material to be used in the further construction of the building could be raised to the proper position, is a scaffolding, within the meaning of section 18 of the labor law (chapter 415, p. 467, of the Laws of 1897). In construing this act, in Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662, the Court of Appeals said:

"Section 18 is a positive prohibition laid upon the master, without exception, upon account of his ignorance or the carelessness of his servants."

In Schapp v. Bloomer, 181 N. Y. 125, 73 N. E. 563, a scaffolding had been placed in a room, composed of horses with planks thereon, to furnish a platform for workmen to stand on in installing shafting in a completed building. The court, in holding that the statute did not apply under such circumstances, said:

"As we have seen, the statute limits the scaffolding to be constructed to certain specified cases, such as the erection, repairing, altering, or painting

of a house, building, or structure. The limitation to specified cases shows that it was not intended to include scaffolding in all cases. What the Legislature evidently had in mind was scaffolding on buildings or structures where its use was obviously dangerous to life and limb of an employé thereon in case of a fall. If ordinary staging, put up in a room from 4 to 6 feet above the floor to facilitate the placing of fixtures, was intended to be included as among the specific cases, we should find it difficult to suggest a scaffold that would not fall within the limitation of the statute."

But the building in which this scaffold was placed was in course of erection, and the scaffold was to be used in securing the derrick used in putting the beams of the building into position. It extended over an open space, and if it broke a workman thereon would fall about 30 feet. It seems clear that this is one of the specified cases, and that the scaffolding was on a building where its use was obviously dangerous to life and limb of an employé thereon in case of a fall.

In Madden v. Hughes, 104 App. Div. 101, 93 N. Y. Supp. 324, the court said:

"The appellants also insisted that the statute does not apply for the additional reason that the platform was furnished by the men themselves and not by the defendants. * * * If the statute applies only to a case where the master in fact furnishes and erects the contrivance, it has not changed the rule at common law as declared in Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017. The purpose of the statute was to impose an absolute duty on the master, which could not be delegated."

On appeal in that case to the Court of Appeals (185 N. Y. 466, 78 N. E. 167) the court said:

"It appears that the plank used as a scaffold broke, causing the injury to the plaintiff complained of. It was the duty of the master to furnish proper and safe material for the construction of the scaffold. It was the duty of the plaintiff, if ordered to construct a scaffold, to construct it in such a manner as to make it safe for him to work upon. It was his duty to use only safe and proper material. If, however, the planks used by him on this occasion were the planks furnished by the defendants, and he did not know at the time of using them that they were unsafe and improper, he would not be chargeable with contributory negligence."

If this structure was necessary in the erection of this building, and there is no doubt from this evidence that it was, as Lowman, the foreman, testified that he ordered the plaintiff and Sprague to tighten up the guys, and that Gaines, as his assistant foreman, had power to direct these men where to go and what to do, and Gaines testified that he ordered them to get the horses and build the scaffold, it became the duty of the defendant to furnish and erect a safe scaffold. This was an absolute duty, which would not be delegated, and the fact that plaintiff and his fellow employé, Sprague, actually put the horses and plank in position at the place and for the purpose ordered does not bar a recovery. In the language of the Court of Appeals in the Madden Case, supra:

"If the planks used by him on this occasion were the planks furnished by the defendant, and he did not know at the time of using them that they were unsafe and improper, he would not be chargeable with contributory negligence."

The question of contributory negligence was properly left to the jury and resolved in plaintiff's favor. As we think the facts bring

the case within the provisions of the labor law, we find no error in this record.

The judgment and order appealed from should be affirmed, with costs to the respondent.

PATTERSON, P. J., and SCOTT, J., concur.

McLAUGHLIN, J. (dissenting). I dissent. The court erred in refusing to charge that "the structure in this case" did not come within the provisions of sections 18 and 19 of the labor law (Laws 1897, p. 467, c. 415). A plank placed upon two "horses" for the purpose of enabling the men employed to reach the guy ropes to adjust them can no more be said to have been a scaffold, within the meaning of the statute, than could an empty box or any other temporary appliance, had it been used for the same purpose. It was an appliance used in the erection of the building, but no more so than a stepladder, hammer, chisel, or saw. It was not a "scaffold," within the meaning of the statute.

I think the judgment should be reversed, and a new trial ordered.

HOUGHTON, J., concurs.