(80 Misc. Rep. 224.)

### McCORMICK v. THOMPSON–STARRETT CO.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

MASTER AND SERVANT (§ 116*) — LIABILITY FOR INJURIES — UNSAFE "SCAFFOLD."

A plank placed across a coal car from four to six or seven feet high, on which an employé was standing for the purpose of drilling holes in the wall of a building, was not a "scaffold," within Labor Law (Consol. Laws 1909, c. 31) § 18, providing that employers shall not furnish for building operations scaffolding, etc., which is unsafe, or which is not so constructed as to give proper protection to the life and limb of the persons employed thereon as the Legislature had in mind scaffolding which, if unsafe, would subject workmen to obvious danger in case of a fall, especially as the appliance in question was so simple that it could be called a scaffold only by a stretch of the meaning of that word.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*

For other definitions, see Words and Phrases, vol. 8, p. 7795.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by George McCormick against the Thompson-Starrett Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

James J. Mahoney, of New York City (Adolph F. Bruenner, of Brooklyn, of counsel), for appellant.

William S. O'Connell, of New York City (Murray G. Jenkins, of New York City, on the brief), for respondent.

LEHMAN, J. The plaintiff was drilling some holes in the wall of the Hotel McAlpin for the purpose of installing a coal conveyer in the basement. For this purpose the defendant's foreman had placed a plank across a coal car, and while plaintiff was standing on this plank it tilted, and the plaintiff was thrown down and injured.

The question presented by this appeal is whether the plank in question was a scaffold, within the meaning of section 18 of the Labor Law (Consol. Laws 1909, c. 31). The height of the coal car was, according to the plaintiff, about six or seven feet; but the plaintiff was not at all certain of the height, and defendant's foreman, produced as a witness by the plaintiff, testified that it was less than four feet in height. In the recent case of Caddy v. Interborough Rapid Transit, 195 N. Y. 415, 88 N. E. 747, 30 L. R. A. (N. S.) 30, the Court of Appeals has stated that there is doubt and uncertainty as to what kind of an appliance the Legislature meant by the word "scaffold." Undoubtedly a broad and practical view of the statute should be taken, in order to furnish the workmen with the additional protection which the Legislature sought to give; but since the statute has provided that the employer shall be liable for defects, not in all scaffolding, but only in scaffolding used in the erection, alteration, and repairing of a structure, it is evident that the Legislature had in mind scaffolding which, if unsafe, would subject a workman to obvious danger in case of a fall. Schapp v. Bloomer, 181 N. Y. 125, 73 N. E. 563. In that case the Court of Appeals held that ordinary staging put up in a room from four to six feet above the floor to facilitate the placing of fixtures was not scaffolding within the meaning of the statute.

It is true that the question of what constitutes scaffolding, within the intent of the Legislature, must in each case be determined on its peculiar facts; but, applying the reasoning of the court in Schapp v. Bloomer to these facts, it seems to me we are bound to reach the same conclusion. As in that case, the plaintiff was engaged in the work of installing fixtures inside of a room; the "scaffold" consisted only of a board laid across a car. The height was only four to six feet. Moreover, the appliance was so simple that only by a stretch of the meaning of the word could it be denominated a scaffold.

It follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur.