HOLSAPPLE v. INTERNATIONAL PAPER CO.

(Supreme Court, Appellate Division, Third Department. January 21, 1914.)

Appeal from Trial Term, Saratoga County.

Action by Elbert P. Holsapple against the International Paper Company. From a judgment for plaintiff and from the denial of the motion for a new trial, defendant appeals. Affirmed.

See, also, 152 App. Div. 606, 137 N. Y. Supp. 450.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Rockwood & McKelvey, of Saratoga Springs (L. B. McKelvey, of Saratoga Springs, of counsel), for appellant.

Butler & Kilmer, of Saratoga Springs, for respondent.

PER CURIAM. Judgment affirmed.

SMITH, P. J., and WOODWARD, J., dissenting.

WOODWARD, J. (dissenting). The plaintiff was injured while engaged in painting a flume in the basement of one of the defendant's paper mills, at the town of Corinth. He was a painter and paper hanger of years of experience, and on or about the 27th day of October, 1910, having been employed by the defendant for two years, he was directed to do some painting upon a pipe or flume which carried the water to the power wheel. This pipe or flume appears to have

been about 10 feet in diameter, and to have been placed upon brick arches, with a flat space extending out from each of the arches, which space was from 3 to 4½ feet above the level of the floor. In the work of painting this flume there came a time when the plaintiff could not reach to the top, and he testifies that on being directed to do the work he said to the defendant's foreman, a Mr. Sutliffe: "You will have to have a scaffold in order to reach that. Where will I get a plank?" He says that Mr. Sutliffe then "pointed over there and said, 'Al, there is a plank.'" He then explains that there "was a plank over there toward the window," and that Sutliffe said, "Can't you take that plank and turn it over to this pier and paint on that?" He says that he replied, "Yes, I can if you say to do it," and that Sutliffe then told him to take the plank; that he placed the plank and painted one section of the flume, and then placed the plank between the next two piers and proceeded to the center of the plank to resume his work, when the plank broke, and he fell to the floor, covered with damp rubbish, bricks, etc., sustaining injuries for which the jury has fixed the damages at $1,000. The case was submitted to the jury upon the theory that this plank, thus placed upon the piers supporting this flume, was a scaffolding, and that the defendant owed to the plaintiff the duty of providing a safe scaffolding, under the provisions of section 18 of the Labor Law (Consol. Laws, c. 31), and, from the judgment entered upon the verdict of the jury, the defendant appeals to this court.

This is a common-law action, aided by the provisions of section 18 of the Labor Law, and is, of course, to be determined according to the rules applicable to a common-law action, and one of these rules requires that the plaintiff shall establish, by a fair preponderance of evidence, that he was free from negligence contributing to the accident. We look in vain in the record for such evidence. It is conceded that the master had provided an abundance of suitable material for building any staging or scaffolding which might be found necessary in doing the work about the plant; that the plaintiff, with another painter, was regularly employed in doing jobs of painting, wherever the same became necessary; and that he had been thus employed for upwards of two years about the defendant's plant. And the evidence shows conclusively that he was as well qualified to judge of the quality and fitness of a plank as any one well could be; he had used all kinds of materials in constructing platforms, etc., in the course of his experience as a practical painter, and his testimony is absolutely free from the suggestion of any care whatever in making use of this plank, unless it is to be found in the alleged conversation with the foreman, in which he asked for a plank. He testifies, in effect, that he simply went to the plank, without taking any notice of it, dragged it around, and placed one end upon the pier and went to work; that after painting the particular section he removed the plank and placed it between two other piers, and resumed his work, but in all this time he disclaims having made any examination of the plank, and his attitude, as it looks out from between the lines of the record, and in his brief, is that he had a right to rely upon the conversation with Mr. Sutliffe above quoted; that he had a right to close his eyes to the condition of this plank, and to

charge the defendant with any injury which might result to him from its use, simply because the defendant's foreman had called his attention to this particular plank and had asked him if he could not use it in doing the work. There is no suggestion that the foreman indicated in any manner that the particular plank must be used; no suggestion that the plaintiff was in any manner deterred from going to the place where planks intended for this and like use were kept and to get a proper plank. All that we are told is that the foreman, on being asked for a plank, pointed out this particular plank, and asked plaintiff if he could not use that in a particular way, and the plaintiff replied that he could if the foreman said so, and it is claimed that the foreman did say so, but without giving us his language, which would have been done undoubtedly if it had in it any elements of command. We think the case fails to show that want of reasonable care on the part of the plaintiff which is a condition of recovery in a common-law action.

It is urged on the part of the plaintiff that this court is committed on a former appeal to the proposition that this staging constituted a scaffolding, and that, the plaintiff having been injured through the breaking of the scaffolding, he is entitled to recover without reference to the question of contributory negligence, and we are cited to the case of Warren v. Post & McCord, 128 App. Div. 572, 112 N. Y. Supp. 960, as a controlling authority upon this question. Upon the former appeal the question presented arose upon an appeal by the plaintiff from a verdict of the jury in favor of the defendant, and the ground of the reversal of the judgment was an error in the charge of the court in effect that the master is not liable for furnishing an unsafe scaffold, unless the jury find that the location was obviously dangerous, and in a refusal of the court to charge that the master owed the duty of furnishing a safe scaffold. 152 App. Div. 606, 137 N. Y. Supp. 450. Two of the justices of this court dissented, and we are of the opinion that the question was not presented in such a manner as to determine the legal status of the broken plank. This flume could hardly be considered as a structure, independent of the building, for it appears to have been built into the mill as a part of it; it was a large tube or pipe, ten feet in diameter, passing through the basement and supported by permanent piers of masonry. It was a part of the mechanical equipment of the paper mill, as much as the shafting, belting, etc., which transmitted the power generated by the water passing through this flume to the water wheel, and it would be difficult to distinguish in principle this water flume from the shafting which was being erected in the case of Schapp v. Bloomer, 181 N. Y. 125, 128, 73 N. E. 563, where the court held that a platform, erected upon temporary structures from four to six feet in height for the purpose of installing the shafting, did not constitute a scaffolding within the meaning of the statute. Commenting upon the question here under consideration, the court say:

"What the Legislature evidently had in mind was scaffolding on buildings or structures where its use was obviously dangerous to life and limb of an employé thereon in case of a fall. If ordinary staging, put up in a room from four to six feet above the floor to facilitate the placing of fixtures, was intended to be included as among the specified cases, we should find it difficult to suggest a scaffold that would not fall within the limitation of the statute.

To so hold 'would practically extend it to all cases in which scaffolds are used. This would be an unauthorized departure from the rule of construction to which we have called attention."

If the staging erected in the Schapp Case, supra, for the purpose of erecting the fixtures in a mill was not a scaffolding, it is difficult to understand how it can be held that this mere use of a plank, extending from one permanent pier to another, for the purpose of painting a fixture after it had been erected, constituted a scaffolding. If this flume was a fixture, in the same sense that shafting is a fixture of a mill, it follows that the plaintiff was not engaged in painting a structure; he was not within the letter or spirit of the statute. The language of section 18 of the Labor Law is that:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, * * * which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection," etc.

This makes no reference to the painting of fixtures within a building or structure, and if the plaintiff had taken a stool four feet in height and stood upon it he could have performed this work, and it could not have been said that this stool was a scaffolding, or that the master owed any duty to provide a scaffolding for a mere incidental piece of painting. How is the case different because the plaintiff, at the suggestion of his foreman, took a piece of plank and placed it across two permanent piers? It was a mere temporary expedient to enable the plaintiff to perform a detail of his work in painting a part of the fixtures of the mill, just as it would have been if he had been called upon to paint the line shaft or the pully hangers in some other part of the mill. The plank, which might, under the law as it now stands, constitute a part of the plant (section 200, Labor Law), was merely an appliance at the time the plaintiff was injured, and it does not appear that it was provided by the master for this purpose, while it does appear that there were plenty of planks for scaffolding provided by the master, and we are of the opinion that the plaintiff, having taken this particular plank without making any examination of its character, has failed to establish freedom from contributory negligence, and that the court erred in submitting the case to the jury. We do not think the case of Warren v. Post & McCord, supra, holds any contrary doctrine. In that case a building was in course of construction, and the plaintiff, with others, was directed to construct a scaffolding necessary to the work of construction, and it was held that the duty of the master in respect to the character of the scaffolding was absolute and could not be delegated, and the fact that the plaintiff aided in the construction did not bar his rights under the statute. Here the plaintiff was merely using an appliance as to which the master at common law owed only the duty of exercising reasonable care, and the evidence is undisputed that there were plenty of planks adapted to the particular use to which the plaintiff put the one in question, and which he was at liberty to use if he saw fit. In the one case the plaintiff merely helped in the construction, and there was nothing to show that the accident was due to

any negligence on his part in the erection, while in the present instance the plaintiff engaged in painting the fixtures of the defendant's mill undertook to improvise a platform out of materials at hand, and in doing so neglected to use any precautions to see that the plank which he selected was a proper one, where he had a free choice of materials, or at least the evidence fails to disclose that he took any such precautions.

The judgment appealed from should be reversed, and a new trial granted, with costs to abide the event.