ELIAS FELDMAN, Appellant, *v.* ROBERT E. MACKAY COMPANY, Respondent.

Second Department, November 10, 1916.

Master and servant — negligence — fall of defective scaffold — structure constituting scaffold — Labor Law, section 18 — proof raising question for jury — statutory duties of master — erection of scaffold by person injured.

A structure consisting of two stepladders, one longer than the other, the shorter resting on the floor of a hallway and the longer on the steps of a flight of stairs below, across the top of which ladder is placed a plank upon which is placed another ladder, used by a painter in his work, is a scaffold within the meaning of section 18 of the Labor Law.

Where the top ladder standing upon the plank was not secured in any way, but was merely held in place by the plaintiff's fellow-servant, to the knowledge of the defendant's foreman who gave no direction that the ladder be secured, it was error for the court to dismiss the complaint in an action to recover damages caused by the slipping and fall of the ladder, the question of assumption of risk being for the jury.

The fact that the plaintiff and a fellow-servant actually put the structure together does not bar a recovery under the statute.

The duty placed upon the master by section 18 of the Labor Law is absolute and cannot be delegated.

APPEAL by the plaintiff, Elias Feldman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 2d day of February, 1916, upon a dismissal of the complaint by direction of the court at the close of the plaintiff's case, and also from an order entered in said clerk's office on the 9th day of February, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*S. John Block,* for the appellant.

*Edward J. Byrne* [*Lyman A. Spalding* with him on the brief], for the respondent.

CARR, J.:

The plaintiff, a journeyman painter, employed by the defendant, was injured while at work painting a wall on the top floor of the Biltmore Hotel building, then under construction. He was working in the hallway. A structure had been rigged for his use against the wall which was being painted. This structure consisted of two stepladders, one longer than the other. The longer one rested on the steps of a flight of stairs, and the shorter one upon the floor of the hallway. Across the tops of these stepladders was laid a plank, and upon this plank was placed an ordinary ladder, with its top resting against the wall. The plaintiff stood on the rungs of this ladder and painted the wall. A fellow-workman stood upon the plank and held the ladder. The plank slipped out of place and the ladder fell, throwing the plaintiff to the ground. This action was brought under the Labor Law, and notices of intention to sue were served under the employer's liability provisions of that statute (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], art. 14, as amd. by Laws of 1910, chap. 352). This structure was a "scaffolding" within the meaning of section 18 of the Labor Law. (*Warren* v. *Post & McCord,* 128 App. Div. 572; affd., 198 N. Y. 624.) It was put in place, however, by the plaintiff himself, together with a fellow-workman, one Stein. It had been used in the same manner the day before at another place in the building. According to the testimony of the plaintiff the defendant's foreman, Ritter, directed its removal to another place, where the accident happened. Ritter had seen it in use before its removal. He gave no directions as to its being made secure by fastenings. It was obviously dangerous in its method of construction. The duty placed upon the master by section 18 of the Labor Law (as amd. by Laws of 1911, chap. 693) was absolute and could not be delegated. The fact that the plaintiff and Stein actually put the structure together does not bar a recovery. (*Warren* v. *Post & McCord,*

*supra.*) It seems to me error on the part of the trial court to dismiss the complaint. The question of assumption of risk was for the jury. (*Grady* v. *National Conduit & Cable Co.,* 153 App. Div. 401.) The trial court relied upon *Schapp* v. *Bloomer* (181 N. Y. 125); *Fallon* v. *Mertz* (110 App. Div. 755) and *Hammond* v. *Union Bag & Paper Co.* (151 id. 776). The *Schapp* case does not apply, for there it was held that the structure in that case was not a "scaffolding" within the meaning of section 18 of the Labor Law, and here, as I think, the structure was clearly a "scaffolding" within the meaning of the statute. The *Fallon* case arose from an accident which happened in the State of Connecticut, to which section 18 of our statute did not apply. In the *Hammond* case a proper scaffold had been furnished by the master; the plaintiff, without any orders to do so, took it apart and reassembled it according to his own ideas, and, in doing so, neglected to assemble it properly as it had been assembled before he interfered with it.

The judgment and order are reversed and a new trial granted, costs to abide the event.

JENKS, P. J., STAPLETON, MILLS and RICH, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.