JAMES STORRIER, Respondent, *v.* MOSIER & SUMMERS, Appellant.

Master and servant — scaffold — negligence — injury to plaintiff by fall of platform or scaffold — facts examined and held that structure which fell was a scaffold within the meaning of the authorities.

The action is brought by the plaintiff to recover damages for personal injuries occasioned, as he charges, by the negligence of the defendant. The plaintiff was a plasterer employed by the defendant in the construction of a building. In order to do his work it was necessary to have a scaffold, platform or other similar structure to stand upon. Accordingly, the defendant's foreman furnished and placed in position two wooden horses about three and one-half feet high with two planks laid thereon. The plaintiff and his son got upon the structure thus provided and went to work. The son finished work first, and as he jumped to the floor he in some way overthrew the scaffold and the plaintiff fell, striking his shoulder and so received injuries for which he has recovered in this action. *Held*, that the structure was a scaffold, and that there was evidence from which the jury could have found that the wooden horses which supported the planks on which the plaintiff stood were unsafe.

*Storrier* v. *Mosier & Summers*, 166 App. Div. 968, affirmed.

(Argued May 25, 1917; decided July 11, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 30, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George P. Keating* for appellant. Defendant's motion for a nonsuit should have been granted, and the court's refusal to grant the same was error and the exception to such denial was well taken. (*Williams* v. *F. Nat. Bank*, 118 App. Div. 555; *Caddy* v. *I. R. T. Co.*, 195 N. Y. 415; *McCormick* v. *Thompson-Starrett Co.*, 80 Misc. Rep. 225.)

*Frederick Haller* for respondent. The plaintiff's case was made out under the Employers' Liability Act. (L. 1910, ch. 352; *Wiley* v. *Solvay Process Co.*, 215 N. Y. 584; *Bidwell* v. *Cummings*, 217 N. Y. 542.) The plaintiff's case was also well made out under section 18 of the Labor Law. (*Caddy* v. *Interborough R. T. Co.*, 195 N. Y. 415; *Corbett* v. *New England Central*, 151 App. Div. 159; *Holsapple* v. *International Paper Co.*, 152 App. Div. 606; *Armenti* v. *Brooklyn Union Gas Co.*, 157 App. Div. 276; *Coleman* v. *Ruggles-Robinson Co.*, 159 App. Div. 268; *Madden* v. *Hughes*, 104 App. Div. 101; *Chaffee* v. *Union Dry Dock Co.*, 68 App. Div. 578; *Swensen* v. *Wilson & Baillee Mfg. Co.*, 102 App. Div. 477; *McLaughlin* v. *Eidlitz*, 50 App. Div. 578; *Anderson* v. *Milliken Bros.*, 123 App. Div. 614; *Tracey* v. *Williams*, 127 App. Div. 126; *Grace* v. *Buckley*, 115 App. Div. 354.) The height of the scaffold could not make any material difference. (*McLaughlin* v. *Eidlitz*, 50 App. Div. 518; *Caddy* v. *Interborough R. T. Co.*, 195 N. Y. 415; *McAllister* v. *Ferguson*, 50 App. Div. 530;) *Stewart* v. *Ferguson*, 52 App. Div. 318; *Chaffee* v. *Union D. D. Co.*, 68 App. Div. 582; *Siverson* v. *Jenks*, 102 App. Div. 316; *Madden* v. *Hughes*, 104 App. Div. 104.)

CUDDEBACK, J. The action is brought by the plaintiff to recover damages for personal injuries, occasioned, as he charges, by the negligence of the defendant.

The plaintiff was a plasterer employed by the defendant in the construction of a building. The plasterers had finished with one of the rooms in the building, and at the time of the accident the plaintiff with his son, who is also a plasterer, was engaged in filling up the holes left in the walls for the plumbers and electricians to do their work. Some of the holes were near the ceiling of the room, and to reach them it was necessary to have a scaffold, platform or other similar structure for the plasterers to stand

upon. Accordingly, the defendant's foreman furnished and placed in position two wooden horses about three and one-half feet high with two planks laid thereon. We must assume that the plaintiff took no part in placing the horses and planks. The plaintiff and his son got upon the structure thus provided and went to work. The son finished work first and he jumped to the floor. In doing so, he in some way overthrew the scaffold and the plaintiff fell, striking his shoulder and so received injuries for which he has recovered in this action. The accident happened June 12, 1912, and the action was brought under section 18 of the Labor Law, which provides, in substance, that a person employing another to perform labor in erecting or repairing a building, shall not furnish him with unsafe scaffolding.

The defendant, the appellant, argues that the structure which fell was not a scaffold within the meaning of section 18 of the Labor Law, and that whether it was or not is the only question in the case.

The plaintiff argues not only that the case is within the Labor Law, but also that the judgment can be sustained under the Employers' Liability Act which requires a safe place to work, or under the common-law liability of the defendant. Whether it can or not, in the view I take of the case is unimportant, because I have reached the conclusion that the structure was a scaffold.

The defendant in support of the argument that the structure was not a scaffold, cites *Williams* v. *First National Bank of Utica* (118 App. Div. 555, 559) and *Schapp* v. *Bloomer* (181 N. Y. 125, 127). In *Williams* v. *First National Bank* the plaintiff was injured while putting a casing on a window frame. He was standing at the time on a plank, resting on two wooden horses about eight or ten feet above the floor. The plank broke, because of some defect therein. The Appellate Division held that the structure was not a scaffold within the meaning of section 18 of the Labor Law. But the dis-

tinguishing feature of that case is that the plank and horses were put in place by the plaintiff and his co-workers, and if the plank that broke was defective, there were other planks upon the premises which could have been used by the workmen.

*Schapp* v. *Bloomer* (*supra*) was a case where the plaintiff was hanging certain shafting from the ceiling of a factory building, and he stood upon planks resting partly on wooden horses and partly on large rolls of paper. This structure fell to the floor and the plaintiff was injured. There is some language in the opinion of the court which supports the plaintiff's theory in the case under consideration; but the main thing decided was that the statute imposes liability only when the work is to be done "in the erection, repairing, altering or painting of a house, building or structure." It was held that the statute limits the scaffolds, for a defect in which the master is liable, to those constructed "in the erection, repairing, altering or painting of a house, building or structure," and it was further held that the work of attaching shafting in the factory was not within the limitation of the statute.

I do not think the case falls within the principle of either of these decisions, but rather is controlled by the decision of this court in *Caddy* v. *Interborough Rapid Transit Co.* (195 N. Y. 415, 423). Judge WERNER in that case speaks of the impossibility of defining the word scaffold, and continues: "The inherent difficulties of the subject are such as to finally compel us to work out each case upon its own peculiar facts in the light of the manifest purpose of the legislature to secure greater protection to the employee, and to impose upon the employer directly a personal obligation which under the common law he had the right to delegate to competent employees." In the *Caddy* case the structure defined as a scaffold consisted of "painters horses" constructed like a ladder with rungs about twelve inches apart upon which were placed planks about eight feet above the floor.

Judge WERNER in his opinion in the *Caddy* case cites many Appellate Division decisions which have given the language of the statute the broad interpretation contended for here, and go far to sustain the judgment appealed from. Counsel for the appellant contends that the height of the structure above the floor, which was only three feet and six inches, indicates that it was not a scaffold within the meaning of the statute. Clearly, the height of the structure, while perhaps an important thing to consider, does not finally define its character. In *Holsapple* v. *International Paper Co.* (152 App. Div. 606) the plaintiff was painting a steel tube or penstock which rested on brick piers about ten feet apart. He was standing on a plank which he placed as directed by the defendant's foreman on these piers about four and a half feet above the floor, and which broke under him from some defect. This plank was held at the Appellate Division to be a scaffold within the provisions of the Labor Law. The judgment in the *Holsapple* case was affirmed on a subsequent appeal by this court (161 App. Div. 894; 216 N. Y. 746) *upon the express ground that the plank was a scaffold.*

The defendant makes no argument, except that the structure was not a scaffold, and it is not necessary to consider any other question. There was evidence from which the jury could have found that the wooden horses which supported the planks, on which the plaintiff stood, were unsafe.

I recommend that the judgment appealed from be affirmed, with costs.

McLAUGHLIN, J. (concurring). The appellant relies chiefly upon *Schapp* v. *Bloomer* (181 N. Y. 125) and *Williams* v. *First National Bank of Utica* (118 App. Div. 555). The rule there laid down as to what constitutes a " scaffold " within section 18 of the Labor Law, if not in effect overruled, certainly has not been adopted

16

or applied by subsequent decisions of this court. (*Caddy* v. *Interborough Rapid Transit Co.*, 195 N. Y. 415; *Grady* v. *National Conduit & Cable Co.*, 216 N. Y. 694; *Holsapple* v. *International Paper Co.*, 216 N. Y. 746.)

I, therefore, concur, on the authority of the latter cases, in the opinion of Judge CUDDEBACK that the judgment should be affirmed.

CHASE, COLLIN, CARDOZO, CRANE and ANDREWS, JJ., concur with CUDDEBACK, J.; MCLAUGHLIN, J., reads concurring memorandum.

Judgment affirmed.