(68 App. Div. 163.)

JOHN P. KANE CO. v. KINNEY et al.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—MECHANICS' LIENS — PRIORITIES.

A general assignment by a contractor for the benefit of creditors takes precedence over a mechanic's lien subsequently filed by a subcontractor, though filed within the statutory period.

Appeal from special term, New York county.

Action by the John P. Kane Company against Francis S. Kinney and others. From a judgment (71 N. Y. Supp. 8) declaring a mechanic's lien in favor of the defendants Clarence L. Smith and William C. W. Child, defendant Charles N. Talbot, as assignee for the benefit of creditors of Andrew J. Robinson, appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry De Forest Baldwin, for appellant.
J. Woolsey Shepard, for respondent John P. Kane Co.
Geo. V. Brower, for respondent Child.
H. B. Closson, for respondent Smith.

LAUGHLIN, J. The action is brought to foreclose a mechanic's lien. The sole question presented on this appeal is, does a general assignment for the benefit of creditors made by a contractor take precedence over a mechanic's lien subsequently filed, but within the statutory period, by his subcontractor, for materials delivered or

labor performed prior to the assignment? In a recent case, arising on the same assignment and similar facts, and directly involving this question, the appellate division, in the Second department, unanimously decided that the filing of the mechanic's lien subsequent to the general assignment gave the lienor no priority over the general creditors of the insolvent contractor. Armstrong v. Milk Co., 65 App. Div. 503, 72 N. Y. Supp. 1014. The majority of the justices sitting in this case are of opinion that the law in this state had been previously settled otherwise by well-considered authorities; but it being desirable that the decisions of the respective appellate divisions should be uniform, at least on questions of law, we refer to the judgment thus pronounced on precisely the same question by a court of co-ordinate jurisdiction.

The judgment from which this appeal is taken is therefore reversed on the authority of Armstrong v. Milk Co., supra, and, the facts being undisputed, judgment is directed for the defendants, dismissing the complaint upon the merits, but without costs. All concur.