## In re ROEBER.

(Circuit Court of Appeals, Second Circuit. December 2, 1902.)

### No. 86.

1. BANKRUPTCY—ASSETS GOING TO TRUSTEE—MONEY DUE ON BUILDING CONTRACT—LIENS OF SUBCONTRACTORS—PRIORITY.

New York Mechanic's Lien Law (Laws 1897, p. 514, c. 418) confers on subcontractors liens "from the time of filing a notice of such lien," and the courts of that state have held that such a lien is effective as to funds due from the owner only from the filing of notice, prior to which the contractor may assign his claim against the owner, to the prejudice of subcontractors. *Held*, that a contractor's trustee in bankruptcy took a fund due from an owner free from the claims of subcontractors previously furnishing labor and materials, but notices of whose liens were not filed till after the bankruptcy petition.

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of New York, in Bankruptcy.

For opinion of District Court, see 121 Fed. 444.

Thaddeus D. Kenneson, for petitioner.

J. Stewart Ross, opposed.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

WALLACE, Circuit Judge. September 13, 1901, there was due from the owner of certain real property to Roeber the sum of $4,494.-51 under a contract for the erection of a building, and on that day Roeber filed a voluntary petition in bankruptcy, and was adjudicated a bankrupt. Prior to the filing of the petition certain subcontractors with Roeber had furnished labor and material for the building, and on September 17, 1901, these subcontractors filed notices of lien against the property pursuant to the provisions of the lien law of New York (chapter 418, p. 514, Laws 1897). This petition of review presents the question whether the trustee in bankruptcy takes title to the money due under the contract to Roeber subject to a lien of the contractors, or whether his title is not subject to any lien.

The statute provides that the subcontractor shall have a lien for the value or the agreed price of such labor or materials upon the real property "from the time of filing a notice of such lien as is prescribed by this article"; declares that it shall not be for a sum greater than the sum unearned and unpaid on the contract at the time of filing the notice of lien and any sum subsequently earned thereon; authorizes the notice to be filed at any time during the progress of the work, or within 90 days thereafter; provides that, if an action shall not be brought to enforce the lien within a specified time, the lien shall be discharged; and prescribes the procedure in an action to enforce the lien. When the notice is filed, provided it is filed within the period prescribed, the lien binds the property to priority of payment in favor of the lienor as against subsequently acquired rights or title derived from the owner or the contractor. The statute is a reproduction of previously existing statutes, with some changes not affecting the present question, and, according to the settled construction by

the courts of New York, creates a lien only from the filing of the notice. "The filing of the notice originates the lien. Anterior to this act, the laborer or materialman has no preferential right to be paid for his labor or material out of the sum which is due from the owner of the building to the contractor, but stands in the position of other creditors." McCorkle v. Herrman, 117 N. Y. 297–303, 22 N. E. 948. If the contractor transfers his demand against the owner, whether for a present consideration or in payment of a precedent debt, before the notice of lien is filed, the lien is uneffective. Gibson v. Lenane, 94 N. Y. 183; Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229. In the latter case the court said:

"There is no provision in the statute forbidding a contractor to pay his creditors out of the money due or to become due to him from the owner to the exclusion of the laborers and materialmen who have not filed liens. This may be an omission, but, if so, it can only be supplied by the Legislature, for the courts cannot extend these purely statutory rights beyond the terms of the statute by which they are created."

Until the subcontractor or materialman has filed his notice, he is a creditor at large. He can file his notice at any time, and perfect a lien day by day concurrently with the progress of the work. If he does not choose to avail himself of the benefit of the statute he occupies no better position than the other creditors of the contractor.

It has been held by some of the lower courts of the state that, if the notice is filed within the statutory time, the materialman obtains a lien which is prior to the title of an assignee under a voluntary assignment for the benefit of creditors. But these decisions have not been approved by the later adjudications (Armstrong v. Borden's Condensed Milk Co., 65 App. Div. 503, 72 N. Y. Supp. 1014; John P. Kane Co. v. Kinney, 68 App. Div. 163, 74 N. Y. Supp. 260. The question seems never to have been considered by the court of last resort, although it arose in the case of Mandeville v. Reed, 13 Abb. Prac. 173, a case which is not reported in the official series, is not cited in any of the later decisions of that court, does not proceed upon any distinction between an assignment for the benefit of creditors generally and an assignment for a single creditor, and which, if it proceeds upon considerations applicable to the statute as it has since been changed, is inconsistent with the construction of the statute which now obtains in that court, and which is that, until the notice is filed, the contractor is left at full liberty to dispose of the moneys due or to become due from the owner as he sees fit, provided he does so in good faith. Upon principle there can be no distinction between a case where the transfer is to a single creditor and one where it is to a class of creditors or to all the creditors of the assignor, nor between a case where it is made directly to the creditor and one where it is made to a trustee or intermediary for him; and, in the absence of an authoritative construction of the statute to the contrary, we are of the opinion that such a distinction does not exist. The Supreme Court of Illinois, in a case arising under a similar statute (Ryerson & Son v. Smith, 152 Ill. 641, 38 N. E. 1032), held the title of the assignee under a general assignment to be paramount when acquired prior to the filing of the notice by the lienor. If a contractor is at

liberty to dispose as he chooses of the moneys due or to become due to him from the owner until the filing of the notice, we cannot understand why he may not do so by filing a petition in bankruptcy and procuring an adjudication which will invest his trustee in bankruptcy with title as of the date of the filing of the petition. By this course he distributes the fund equally among his creditors, and the subcontractor or materialman obtains his ratable proportion, and if the latter has not availed himself of the summary method which the statute provides for securing a preference he cannot reasonably complain of the result.

We conclude that the trustee in the present case took the fund in controversy free from the liens asserted, and it follows that the order of the court below must be reversed, with costs, and with instructions to decree conformably to this opinion.