### DOUGHERTY v. D. C. WEEKS & SON.

(Supreme Court, Appellate Division, First Department. June 12, 1908.)

1. APPEAL AND ERROR—REVIEW—DISMISSAL OF CASE AT CLOSE OF PLAINTIFF'S EVIDENCE.

　　On appeal from a judgment of dismissal at the close of plaintiff's case, every fact and inference must be viewed in the light most favorable to plaintiff.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3748.]

2. NEGLIGENCE—CONDITION OF BUILDINGS—INJURIES TO PERSON INVITED.

　　Where a contractor for the erection of a building employed a subcontractor to do the plumbing work in the building, the subcontractor and his employés, while engaged in the work, were in the building as a matter of right under the invitation of the general contractor, and were not trespassers nor merely licensees.

3. SAME.

　　Where a contractor for the erection of a building puts up the only means of access to the different floors thereof, and employs a subcontractor to do some part of the work in the building, he invites the subcontractor and his employés to use the appliances furnished to get from one floor to another to do the work, independent of any custom on the subject.

4. SAME—EVIDENCE—OWNERSHIP OF APPLIANCES.

　　In an action against a contractor for injuries to an employé of a subcontractor while using ladders in the building in process of erection, the evidence showed that the contractor was putting up the building, that the ladders had the contractor's name branded on them, and that they were in the building when the subcontractor began work. There was no evidence that any other subcontractor was working on or around the building. *Held* to show prima facie that the ladders belonged to the contractor.

5. SAME—NEGLIGENCE AS TO APPLIANCES FURNISHED FOR USE BY OTHERS.

　　One undertaking to furnish appliances for use by others assumes the duty to furnish proper appliances, and a negligent performance of such

duty, resulting in injuries to those lawfully using the appliances, imposes a liability for such injuries, and such obligation does not depend on a contractual relation between him and the person injured, but rests on a failure to perform a duty assumed by one which results in injury to another.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 18–20.]

6. SAME—EVIDENCE—NEGLIGENCE.

A contractor for the erection of a building placed ladders through the stairway wells. The ladders were well made, and had been in the building for three or four months prior to the injury to an employé of a subcontractor. The only defect shown was the fact that a rung rolled around under the foot of the employé, causing him to fall. The condition had existed but two days prior to the accident. The employé had used the ladders several times without discovering the defect. *Held* not to show actionable negligence on the part of the contractor.

Appeal from Trial Term.

Action by James Dougherty, by his guardian ad litem, against D. C. Weeks & Son. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Richard J. Donovan (Herbert D. Cohan, of counsel), for appellant.

Frank V. Johnson (John Vernon Bouvier, Jr., of counsel, and Dudley Davis, on the brief), for respondent.

CLARKE, J. This is an appeal from a judgment dismissing the complaint at the close of the plaintiff's case in an action for negligence. The defendant, a corporation, was the general contractor for the erection of a dwelling house in the city of New York. It made a subcontract with one De Voe to do the plumbing work in said building. The plaintiff was a plumber's helper employed by De Voe in the work which De Voe was doing as such subcontractor. At the time of the accident five floors had been completed, but no stairs were in place. The various floors were reached by ladders which extended through the open stairway wells. The ladders projected some five feet above each floor. It was necessary for De Voe's employés in putting in the plumbing to go to all parts of the building. The only way by which they could get from floor to floor was by using the ladders in the stairway wells. Masons and bricklayers, direct employés of the defendant, were also engaged in the construction work at the same time, and continually used the ladders. The plaintiff commenced work in this building the day before the accident, and had used these ladders on that day, and had been up and down on them once on the day he was hurt before the accident. He had been sent down from the fifth floor, where he was working, by the plumber, whose helper he was, to bring up a tool weighing about 11 pounds. He started with it from the bottom floor carrying it on his right shoulder, and holding it with his right hand. He testified that as he got to about the fifth rung from the fifth floor, or about the twelfth from the top of the ladder, he took hold of a rung above his head with his left hand, lifted his left foot to the fifth rung, and was in the act of lifting his right foot, his whole weight being upon the left, when the rung on which the

left foot rested rolled around under his foot, and the whole weight of his body loosened the grip of his hand from the upper rung, and he fell through the stairway well 70 feet to the bottom, and received the injuries complained of.

He testified that on no one of the six trips he had made on the ladder in question prior to the accident had he noticed the loose rung. One of his witnesses, Carroll, testified that four days before the accident he noticed a rung between the fourth and fifth floors that he felt rattled. It was loose or rattled, but did not revolve; that two days before the accident he put his hand on it and tried to turn it all the way round; that he used some force from his wrist to make it revolve, and succeeded in so doing. Lyons testified that he noticed a loose rung the day before the accident; that he had taken one step up from the fourth floor; that his hand slipped off the loose rung when it turned, and he stepped back upon the platform on which the ladder rested. This was all the testimony as to the condition of the loose rung in the ladder. Its liability to turn, at best, had continued but two days. No notice of this condition had been given by either of these men to the defendant, its superintendent, foreman, servants, or any one else.

Plaintiff testified that he saw the name D. C. Weeks stamped on these ladders, and that is corroborated by other witnesses. It is also in evidence that defendant's men moved the ladders from time to time. De Voe testified:

"I do not know positively whose ladders these were. We found them there when we went to work and used them. We continued to use them during the three or four months we were there; as long as they were there; until the stairs were built. I think there were no other ladders going up from the different floors except the ladders that I have already described. I used to meet Mr. Weeks almost every day."

One of the witnesses testified that there were men there to shift the ladders and take care of them and tighten them up.

At the close of the plaintiff's case defendant moved to dismiss the complaint upon the ground, first, that the plaintiff has failed to establish a cause of action in his favor against the defendant; secondly, that the plaintiff has failed to show this defendant has been guilty of any negligence or any violation of any duty that it owed to this plaintiff; thirdly, that the plaintiff has failed to show any notice brought home directly or constructively to this defendant in relation to the existence of an alleged defective ladder in a rung thereof; further, upon the ground that it does not appear that the ladder upon which the plaintiff claims to have been climbing or mounting at the time that he sustained his accident was under the control of this defendant, or was provided by this defendant for the purpose of use by the plaintiff or by others engaged in the building operations. The motion was granted, and the plaintiff appeals.

The complaint having been dismissed at the close of the plaintiff's case, every fact and every inference must be viewed in the most favorable light to the plaintiff. While it is true that in the contract by which De Voe became a subcontractor for the plumbing work of D. C. Weeks & Son, the general contractor, there was no provision which required defendant to furnish ladders to De Voe or means of

access to the different parts of the building, yet the fact remains that De Voe and the defendant and their several employés were engaged in a common enterprise, to wit, the erection of this building, of which the defendant was the general contractor. The defendant having made the contract with De Voe, De Voe and his employés were in the building as matter of right and under that contract. They were not trespassers, and they were not merely licensees. They were there under invitation and by reason of the contract. While evidence was excluded when first offered, to prove that there was a custom by which the general contractor was to furnish ladders, no proof of custom is necessary to show that when a contractor is engaged in erecting a building and has put up the only means of access to the different floors, and employs a subcontractor to do some particular work in that building, like plumbing, that he invites him to make use of the appliances which he has furnished necessary to get to the place to do his work. No plumber brings stairs to a completed house in order to get to the different floors. It would be as idle, it seems to me, to prove a custom of using the stairs found in the house as to require proof that when the general contractor had put up the building so far that the plumber, with whom he had made a plumbing contract, had to get to the different floors by such means of access, that the means of access which the contractor furnished was for the use, and provided by him for the use of, and intended to be used by, his subcontractor and his employés. There is sufficient prima facie proof that these ladders belonged to D. C. Weeks & Son. It was putting up the building. The ladders had defendant's name branded on them. They were there when De Voe got there. There is no evidence that any other subcontractor was working on or around the building.

Respondent argues that, because the contract it made with De Voe did not provide that it should furnish ladders, there was no privity between it and the plaintiff, and therefore it owed no duty to plaintiff, and was not responsible for the injuries received by him. This contention, however, is answered by Coughtry v. Globe Woolen Co., 56 N. Y. 124, 15 Am. Rep. 387, Devlin v. Smith, 89 N. Y. 470, 42 Am. Rep. 311, and other like cases followed and applied in McMullen v. City of New York, 110 App. Div. 117, 97 N. Y. Supp. 109, where this court said:                                                                    /

"That a person undertaking to furnish machinery or appliances for the use of others assumes a duty to furnish a proper and safe appliance, and a negligent performance of such a duty resulting in injuries to those engaged in doing the work or lawfully using the appliance imposes a liability upon the person so furnishing the appliance for injuries sustained in consequence of such negligence. The obligation does not depend upon a contractual relation between the person injured and the person whose negligence caused the injury, but upon a failure to perform a duty assumed by one which results in injury to another."

Assuming that the doctrine established by the foregoing cases is applicable to that at bar, it remains to be considered whether the plaintiff established a prima facie case thereunder of actionable negligence upon the part of the defendant. A ladder is a simple appliance. The ladders in suit were described to be "good, stout ladders, with hickory rungs." They had been used in the building for three or four

months. Nothing broke or gave way. There is no evidence of any prior accident. There is no evidence of any notice to the defendant of any defect. The condition complained of had existed but two days prior to the accident according to the evidence, when one of the witnesses caused one of the rungs to revolve by the exercise of force. The plaintiff himself had used the ladders a half a dozen times without discovering the alleged defect. It seems to us that when such a simple appliance, properly constructed and of sound and good material, has been furnished, to hold the person furnishing it guilty of negligence for not discovering and remedying such a defect, it must appear that it had existed for such a period that he ought to have known of the defect, if he did not, and therefore was as responsible as if knowing the defect he had not remedied it. In the Coughtry Case, supra, the scaffold erected 50 feet above the ground fell by reason of its defective construction. In the Devlin Case, supra, the scaffold erected 90 feet above the floor broke and fell by reason of its defective construction. In the McMullen Case, supra, the wire rope to which was attached the bucket which fell, broke by reason of its improper attachment to the bucket. In each case there was an original defect in construction and a subsequent break. In the case at bar there was no defect in construction or material, and nothing broke. There was simply a loosening of the rung which permitted it to turn, though still holding its place in the ladder. In both the Coughtry and the Devlin Cases stress is laid upon the defect being such as to render the article in itself imminently dangerous, and serious injury to any person using it is a natural and probable consequence of its use; that, unless the scaffolds were properly constructed, they constituted a most dangerous trap, and there was a duty, therefore, to use proper diligence in their construction. We are of the opinion that the plaintiff did not bring this case within that rule; that the facts do not establish such negligence upon the part of the defendant as to make him responsible for the injury complained of.

The judgment appealed from should, therefore, be affirmed, with costs to the respondent. All concur.