## TIEDJEN v. NATIONAL ELEVATOR CO.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

MASTER AND SERVANT (§§ 276, 278*)—INJURIES TO SERVANT—DEFECTIVE SCAFFOLD—SUFFICIENCY OF EVIDENCE.

In an action for death of a servant through an alleged defective scaffold, evidence held to warrant a finding that decedent was on the scaffold in performance of defendant's work, and that his fall therefrom was owing to defendant's failure, in violation of his duty, to properly brace and secure the scaffold.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 954; Dec. Dig. §§ 276, 278.*]

Ingraham, P. J., and Miller, J., dissenting.

Appeal from Trial Term, New York County.

Action by Louise Tiedjen, as administrator, etc., of Paul Tiedjen, deceased, against the National Elevator Company. From a judgment entered on a dismissal of the complaint at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Thomas J. O'Neill, for appellant.

Frank V. Johnson, for respondent.

CLARKE, J. This is an appeal from a judgment entered on the dismissal of the complaint at the close of the plaintiff's case. Upon the former appeal (130 App. Div. 504, 114 N. Y. Supp. 1056), this court reversed a judgment entered upon a verdict for the plaintiff. Mr. Justice Houghton wrote a dissenting opinion, in which I concurred. The facts were stated in that opinion so that it is not now necessary to restate them.

For the reasons stated in that former opinion, upon the further fact that the judgment here under consideration was upon a dismissal of the complaint, and that, in my opinion, such a state of facts was presented by the evidence as required submission to a jury and precluded the court from acting thereon as matter of law. I think this judgment should be reversed. Warren v. Post & McCord, 128 App. Div. 572, 112 N. Y. Supp. 960, in which the majority of this court held that under the provisions of sections 18 and 19 of the labor law (Consol. Laws, c. 31), the duty to furnish a safe scaffold put upon the master was an absolute duty which could not be delegated, and the fact that the servant selected the materials and erected the structure did not bar a recovery, has been unanimously affirmed by the Court of Appeals (198 N. Y. 624, 92 N. E. 1106).

Although there was no eyewitness to the accident, immediately thereafter the scaffold was seen swinging away from the wall, with the piece of firring which had been used as a brace hanging down, and upon the iron braces supporting the elevator track, four feet under the far end of the scaffold, was a large blood stain. In my opinion enough was shown to have warranted the jury to have found as a fact that the decedent was upon the scaffold in the performance of the master's work, and that his fall therefrom was due to the fact that the scaffold had been imperfectly braced and secured, and hence that there was a violation by the master of the obligation put upon him by the law.

The dismissal of the complaint was, therefore, error, and the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

SCOTT and DOWLING, JJ., concur.

INGRAHAM, P. J., and MILLER, J., dissent on the opinion on former appeal (130 App. Div. 504, 114 N. Y. Supp. 1056). Order filed.