## QUIGLEY v. THATCHER et al.

(Supreme Court, Appellate Division, Second Department.   May 5, 1911.)

1. NEGLIGENCE (§ 55*)—INJURIES—SAFE PLACE OF WORK—DEFECTIVE SCAFFOLDING—LIABILITY OF GENERAL CONTRACTOR.

Under Labor Law (Consol. Laws 1909, c. 31) § 18, providing that a person employing or directing another to perform labor in the erection of a structure shall furnish scaffolding which is safe and so constructed as to give proper protection to "a person so employed or engaged," a general contractor is liable for injuries to an employé of a subcontractor, caused by defects in the scaffolding furnished by the general contractor, though the contract between him and the subcontractor did not provide for the furnishing of such scaffolding by the general contractor; the statute extending its protection to any person lawfully engaged in the work.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 68; Dec. Dig. § 55.*]

---

2. NEGLIGENCE (§ 71*)—INJURIES—CONTRIBUTORY NEGLIGENCE.

That an employé of a subcontractor could have reached his place of work on the structure by a way other than by a scaffolding furnished by the general contractor does not make him guilty of contributory negligence, where such other way was obviously more dangerous than by the scaffolding.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 98; Dec. Dig. § 71.*]

Thomas, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Frank Quigley against John Thatcher and another, co-partners. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Hugo Hirsh, for appellants.
Mann Trice (Julius A. Kuck, on the brief), for respondent.

WOODWARD, J.  This action is brought to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant in furnishing an unsafe and improper scaffold for the use of the plaintiff in the construction of the Academy of Music in the borough of Brooklyn.  The plaintiff's testimony, and that of his witnesses, justified the jury in finding that on the 5th day of August, 1907, the plaintiff was in the employ of the Columbian Re-enforced Concrete Company, which company had the subcontract for the reinforced concrete work upon the Academy of Music, the defendants appellants being the general contractors, and that while thus employed he was sent to the second story of the building to place some clips on the iron girders which had been laid, to hold the reinforcing materials while the concrete was being placed; that the plaintiff had worked in that locality during the greater part of the day, and that at about 4 o'clock in the afternoon, on returning to his position after going to the floor below for materials, he stepped out upon an extension scaffolding which the defendants, through their employés, had constructed for the use of their laborers, and that the end of the plank constituting a part of this scaffolding, not being supported, tipped down, precipitating the plaintiff to the floor below, resulting in serious injuries.  The jury has found in favor of the plaintiff, and from the judgment entered, and from the order denying a new trial, appeal comes to this court.

[1] The principal contention of the defendants upon this appeal seems to be that the plaintiff has failed to establish the cause of action alleged, in that the plaintiff has failed to establish that, in the contract between Thatcher & Son, the general contractors, and the Columbian Re-enforced Concrete Company, there was a provision that the defendants should provide all of the scaffoldings, etc., and that a failure of evidence in support of this allegation of the complaint is fatal.  Without considering what might be the law of this case, if this was the only allegation of the complaint showing the duties which

the defendants owed the plaintiff, it is enough to say that the complaint is not thus limited. The complaint alleges that:

"In and by the said contract so as aforesaid awarded to the said defendant Columbian Re-enforced Company, the defendants John Thatcher and Edwin H. Thatcher, as such copartners as aforesaid, undertook, promised, and agreed to and did furnish and provide the said defendant Columbian Re-enforced Concrete Company, with all stagings, scaffoldings, platforms, floorings, and ladders needed and required by the said company in the performance of work under its said contract with said John Thatcher & Son, and the said defendant company, from the time it commenced work under its said contract, used and employed certain stagings, scaffoldings, platforms, floorings, and ladders furnished and provided by the defendants John and Edwin H. Thatcher, as such copartners, with the full knowledge and consent of ·the defendants John Thatcher & Son, who had warranted and guaranteed the sufficiency and safety thereof for the purposes for which they were to be employed."

The evidence fully supported the declaration of the complaint that the defendants did furnish the scaffolding, etc., used by the Columbian Concrete Company, and the question of whether such scaffolding was . provided under the terms of a contract, or whether it was furnished . voluntarily, is of no practical importance. If they furnished the scaffolding, and the jury have found, upon sufficient evidence, that they did, then under the provisions of section 18 of the labor law they were bound to furnish safe scaffoldings. This was not done, and it is idle to say that the mere fact that the plaintiff failed to show that the written contract between the contractor and subcontractor provided for furnishing such scaffolding is not material. There was a contract between these parties by which the Concrete Company undertook to do the work of concreting. The Concrete Company is a domestic corporation. It is, in law, a person (section 37, General Construction Law [Consol. Laws 1909, c. 22]); and when Thatcher & Son employed this corporation to do the concreting in the construction of this building, the provisions of the labor law were written into that contract by operation of law, and section 18 of the labor law provides that:

"A person employing or directing another [the Concrete Company] to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged."

[2] This provision, designed to protect laborers, is broad enough in its provisions to protect those employed by the Concrete Company in carrying out its contract. The provision of the statute is that these mechanical contrivances shall be so "placed and operated as to give proper protection to the life and limb of a person so employed," and this means any person who is lawfully engaged in the work. When Thatcher & Son assumed to "furnish or erect, or cause to be furnished or erected, for the performance of such labor, scaffolding," they assumed the duty of doing the work in such manner as the statute required, so long as they permitted it to be used for such purposes; and the plaintiff, who was lawfully engaged in performing the work of the subcontractors, had a right to assume that this duty had been performed. He had a right to make use of the scaffolding which he

found upon the premises intact, and which he could make use of in reaching the point where his labors were to be performed, and the mere fact that he could have reached his work in another and an obviously more dangerous manner does not charge him with contributory negligence.

We have examined the exceptions urged against the charge of the learned trial court; but we are persuaded that the jury had proper instructions upon the law, and that the verdict is fully supported by the evidence.

The judgment and order appealed from should be affirmed, with costs.   All concur, except THOMAS, J., who dissents.