### BOHNHOFF v. FISCHER et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1912.)

1. MASTER AND SERVANT (§ 116*)—CONSTRUCTION OF BUILDING—SAFE SCAFFOLDING—DUTY TO FURNISH.

The prohibition of Labor Law (Consol. Laws 1909, c. 31) § 18, against the furnishing of insufficient scaffolding for the use of those employed in the erection of a building, does not apply to one who does not furnish the material or have anything to do with the construction of the scaffolding.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*]

2. MASTER AND SERVANT (§ 321*)—INJURY TO SERVANT—MASTER'S LIABILITY—DEFECTIVE SCAFFOLDING.

Where a general contractor assumed the work of constructing the scaffolding needed in the construction of a building, a subcontractor, who came upon the premises with his employés after the scaffolding had been erected without any assistance whatever from him, was not liable for an injury resulting to one of his employés from the falling of the scaffolding.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1262; Dec. Dig. § 321.*]

Burr and Rich, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by August Bohnhoff against Henry C. Fischer, impleaded with another. From a judgment for plaintiff, defendants appeal. Reversed.

See, also, 131 N. Y. Supp. 1105, 132 N. Y. Supp. 603, 134 N. Y. Supp. 1126.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

George F. Hickey (Charles E. Thorn, on the brief), for appellants.
Henry M. Dater (George F. Elliott and Jay S. Jones, on the brief), for respondent.

WOODWARD, J. This action was originally brought against William Kennedy, the general contractor engaged in the construction of a building at 14 Smith street in the borough of Brooklyn. Subsequently the defendant Fischer was brought into the action, and the prosecution of the case against Kennedy appears to have been dropped. The amended complaint alleges that:

"On or about the 9th day of June, aforesaid, the plaintiff was in the employ of the defendant Henry C. Fischer, and engaged as an iron worker for said defendant, Henry C. Fischer, in doing certain work on said building, as aforesaid, and without any fault on his part, but solely through the fault, careless-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ness, and negligence of the defendant William Kennedy, and of the defendant Henry C. Fischer, who was employed also in the erection, repairing, or altering of said building, their agents and servants, as plaintiff was walking over and upon certain planking placed by said defendants, their agents and servants, and furnished by them, and due solely to the negligent and careless manner in which the same was laid, the plaintiff was caused to be thrown." etc.

The answer of the defendant Fischer is a general denial of the material facts and an affirmative defense of contributory negligence on the part of the plaintiff.

It appears from the evidence that Kennedy was the general contractor in the construction of the building, and that the defendant Fischer was a subcontractor for the construction of the iron work. The building was near completion, for the roof was on, and the work under way at the time of the accident was the construction of a penthouse, a projection above the main roof for the accommodation of the elevator machinery. This penthouse was about 12 feet above the roof, and Kennedy's employés, who were also at work upon this part of the structure at the same time, had constructed a runway by placing two planks with one end upon the main roof and the other upon wooden horses, with two other planks running from these horses to the roof of the penthouse, where Kennedy's men were laying bricks, with mortar, while defendant Fischer's men were placing some of the last of the iron work. The evidence is undisputed that this runway was constructed and maintained by Kennedy or his employés, and that it was used in common by the employés of Kennedy and of Fischer, and the broad question upon this appeal is whether the defendant Fischer is to be charged with responsibility, under the provisions of section 18 of the Labor Law. We are admonished by the Court of Appeals that in the construction of this act we are to "endeavor to ascertain its fair and reasonable meaning, avoiding a construction which either extends or limits its provisions beyond that which was evidently intended." Schapp v. Bloomer, 181 N. Y. 125, 128, 73 N. E. 563, 564. We must examine the language, therefore, and determine whether a subcontractor, doing no act in reference to the furnishing of materials or the construction of a scaffolding, but merely sends his employés to a building to do certain work, and they make use of the structures erected by the general contractor for the use of his employés in work of a like general nature, is liable under this section of the Labor Law if such scaffolding falls and results in injury to his employés.

It has been generally understood that the primary purpose of this act was to charge the master, who already owed the duty of furnishing reasonably safe materials and appliances, with the additional duty of seeing to it that the scaffolding used in the construction and repair of buildings was properly constructed. In other words, the scaffolding was taken out of the class of implements and appliances, and placed in that of a place in which to perform the labor, extending the rule from that of reasonable care to one which shall "give proper protection to the life and limb of a person so employed or engaged." It could not have been the intention of the Legislature to require that every subcontractor must, at his peril, construct a scaffolding for each new group of men who should be employed in the construction of a

building, where such scaffolding already existed, and where it was in actual use for the general purposes of the construction. It does not require any one to build scaffolding; it simply provides that:

"A person employing or directing another to perform labor of any kind in the erection, * * * of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged." Section 18, Labor Law.

The duty is placed upon the one who is called upon to furnish the scaffolding, hoists, stays, ladders, etc., to furnish the proper materials and to see to it that they are constructed in such a manner "as to give proper protection to the life and limb of a person so employed or engaged." Undoubtedly this language is broad enough so that if it became necessary for the subcontractor to construct scaffolds, he would be charged with the duty of complying with this statute; but where the work is of such a character that it is being done in connection with the work of the general contractor, who has assumed the work of constructing the scaffolding, it cannot be that one who has neither furnished materials nor taken part in the construction can be held to be liable for a defect which results in an injury to his employé.

[1] The statute says he "shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, * * * which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged"—and he has not done any of these things. The subcontractor, in the practical performance of his work, must be presumed to contract with reference to the usages and customs of his trade or occupation; to contract upon the basis of the presumption that all men will do their duty toward him and all other men. Starting from this standpoint, he has a right to assume that the platforms or scaffoldings which have been constructed, and which are in common use when he or his servants come upon the work, have been constructed under the provisions of the law; that the place provided by the general contractor for the performance of the work, which now includes the proper construction of the scaffoldings, etc., complies with the degree of safety provided by law. That is, in law, the contract which the general contractor or "a person employing or directing another to perform labor," etc., entered into with the subcontractor or other person "employed or engaged" in such labor, and we are of the opinion that the subcontractor owes no duty to his employés in reference to the scaffoldings which are erected and maintained by the owner or general contractor in the general work of construction. It is enough if we hold the subcontractor liable for his own neglect in the erection of these scaffoldings, etc., where he is called upon to construct them in the fulfillment of his contract. There is no presumption that the subcontractor was obliged to construct a scaffolding in this particular case. It is far more likely that he made his contract in the knowledge of the fact that

the general contractor, in the laying of the brick walls, etc., would construct the necessary scaffolding, and that the iron work would follow this up and be done in the place furnished by the general contractor for the performance of the work of the subcontractor. If this was the case, then the general contractor owed the duty to the subcontractor and his servants to furnish a proper place for the performance of this work, and a failure on the part of the general contractor to meet the requirements of the statute was not negligence on the part of the subcontractor, and the case was sent to the jury upon an erroneous theory. This was the view of the law taken by this court in the case of Quigley v. Thatcher, 144 App. Div. 710, 129 N. Y. Supp. 170, where a recovery against the general contractor by an employé of a subcontractor was sustained, and although the exact question here presented was not determined, we see no reason to hold the subcontractor liable as a joint feasor where he has not furnished or erected a scaffolding, and where the injury complained of is the result of the act of the general contractor in not furnishing a proper place, under the statute, for the performance of the labor assigned to the servant of the subcontractor.

In Dougherty v. Weeks & Son, 126 App. Div. 786–789, 111 N. Y. Supp. 218, 221, the court say:

"While evidence was excluded when first offered to prove that there was a custom by which the general contractor was to furnish ladders, no proof of custom is necessary to show that when a contractor is engaged in erecting a building and has put up the only means of access to the different floors and employs a subcontractor to do some particular work in that building, like plumbing, that he invites him to make use of the appliances which he has furnished necessary to get to the place to do the work."

See Duffy v. Williams, 71 App. Div. 110, 75 N. Y. Supp. 600.

It seems clear to us that whoever assumes the duty of constructing the scaffolding for the general purposes of the construction of the building must, under the statute, assume the responsibility for their materials and construction, so long as they are maintained for that purpose, and that any one lawfully at work in such construction must look to the person who furnished the materials or who had charge of the construction for any liability under the act.

[2] Certainly, one who did not furnish materials, or have anything to do with the construction, cannot be held to answer for the conduct of one who did these things, so long as the latter maintains such structures and permits of their use under an expressed or implied invitation to do so.

The judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event.

JENKS, P. J., and HIRSCHBERG, J., concur. BURR and RICH, JJ., dissent on the ground that if a master permits his employé to make use of a scaffold constructed by another, it is his duty to see to it that it is safe for the purpose for which he permits it to be used.