BOYLE v. ANDREW J. ROBINSON CO. et al.

(Supreme Court, Appellate Division. First Department. December 6, 1912.)

1. MASTER AND SERVANT (§ 321*)—LABOR LAW—LIABILITY.

One contracting with a general contractor for the installation of a hoist in a building under erection must exercise reasonable care to furnish one that is safe, and, though he is not within Labor Law (Consol. Laws 1909, c. 31) § 18, prohibiting persons erecting a building from furnishing unsuitable hoists or other mechanical contrivances, he is liable for injuries to an employé of a subcontractor, caused by the breaking of a cable so defective that the defect could have been discovered by proper inspection.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1262; Dec. Dig. § 321.*]

2. MASTER AND SERVANT (§ 321*)—LABOR LAW—LIABILITY.

A general contractor for the construction of a building, who causes the installation in the building of a hoist for his own use and for the use of his subcontractors and their employés in performing work for him, is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

within Labor Law (Consol. Laws 1909, c. 31) § 18, prohibiting the furnishing of unsafe hoists and other mechanical contrivances for use in the erection of buildings, and where the hoist was unsafe, and an employé of a subcontractor was injured thereby, the general contractor was liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1262; Dec. Dig. § 321.*]

3. MASTER AND SERVANT (§ 321*)—LABOR LAW—LIABILITY.

A subcontractor, who merely directs his employés to use a hoist installed by a third person in pursuance of a contract with the general contractor, is not liable, under Labor Law (Consol. Laws 1909, c. 31) § 18, for injuries to an employé caused by defects in the hoist.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1262; Dec. Dig. § 321.*]

Laughlin and Dowling, JJ., dissenting in part.

Appeal from Trial Term, New York County.

Action by Thomas Boyle against the Andrew J. Robinson Company and others. From a judgment dismissing the complaint as to each of the defendants except the defendant William Baumgarten, who was not served, plaintiff appeals. Reversed in part, and affirmed in part.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Benjamin Patterson, of New York City, for appellant.

Edward S. Clinch, of New York City, for respondent Andrew J. Robinson.

Robert L. Redfield, of New York City, for respondent William Baumgarten & Co.

LAUGHLIN, J. This is an action to recover damages for personal injuries sustained by the plaintiff while in the employ of the copartnership firm of William Baumgarten & Co., composed of the defendants William Baumgarten and Emile Baumgarten, as a plasterer's laborer on the 30th day of October, 1907, caused by the fall of a hod-hoisting elevator in a building then being erected at the northeast corner of Fifth avenue and Ninety-Second street, borough of Manhattan, New York. The defendant the Andrew J. Robinson Company, a domestic corporation, was the general contractor with the owner for the erection of the building; and, pursuant to a contract with it, the Stanley Hod Elevator Company, also a domestic corporation, installed a hod-hoisting elevator in the building and an engine and boiler outside, but connected therewith, for the purpose of operating the elevator, and furnished an engineer to operate the same. The only construction work in installing this machinery performed by the Hod Elevator Company consisted in putting guides on the sides of the elevator shaft, and constructing "an arrangement by which, as the building advanced in height, the guides were extended upwards, and the car was permitted to go to or near the top of the building as far as it had advanced." It furnished the cables and guides and the boiler and engine, and sent an engineer, who was in its employ, to operate the elevator

when notified by the general contractor that it was ready to have the hoist operated.

The engineer was provided with cards which were signed in behalf of the contractor or subcontractor for the time they used the hoist; but the cards were not produced. The Robinson Company sublet the plastering to Baumgarten, but that contract was not offered in evidence. With respect to the installation and use of the hoist and payments for the use thereof, the president of the Robinson Company testified as follows:

"That elevator, I presume, was put in for the use of the Robinson Company primarily, for we had to hoist our materials before any of the subcontractors generally would want it; and for any subcontractors that desired to use it, we were generally willing to make arrangements with them to use it. They were supposed to pay something for the use of it generally. * * * We generally sent some memorandum or bill to the subcontractors, I believe, and that included the wages of the engineer, I suppose. I do not know positively. I cannot say positively that in the first instance everything was charged against the Robinson Company by the Stanley Hod Elevator Company and paid by the Robinson Company. I do not know about this circumstance at all. I do not know about this particular building."

On the day of the accident the plaintiff was directed by his foreman to remove two loads of mortar from trucks in the street, and to convey it on this hoist to the fourth floor of the building. The mortar was in sacks. He first carried them from the trucks to the vicinity of the hoist, and then put them on the hoist eight sacks at a time— four on a wheelbarrow and four on the floor of the hoist, which was then elevated to the fourth floor, where he removed them. He testified that he took up three or four loads, and that then on the trip on which he met with the accident he stepped off the hoist, which consisted merely of a platform open on all sides, at the fourth floor, and turned around and put one foot on the hoist to take the wheelbarrow off, and heard a snap, and was precipitated to the ground floor, and sustained injuries, and was taken to the hospital. The fall of the hoist was owing to the breaking of a cast steel cable five-eighths of an inch in diameter, the tensile strength of which was from 20,000 to 30,000 pounds. Plaintiff weighed about 175 pounds, and each of the sacks of mortar weighed from 80 to 100 pounds, and the hoist weighed 450 pounds, making an aggregate weight on the cable of about 1,400 pounds. The evidence shows that the cable broke straight across, making a clean break, but leaving short pieces of the strands about the length of a finger sticking out at the sides of the cable for a distance each way from the break of from four or five inches to one yard, presenting a "spread out" appearance.

A mechanical and consulting engineer, who had had 35 years' experience in every branch of the business connected with the construction and use of elevators and in testing cables, testified, in substance, that if such a cable broke under a weight of 1,400 pounds its condition must have been such that a defect could have been discovered by ordinary inspection before it broke. The plaintiff duly served a notice upon his employer, pursuant to the provisions of the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204), charging

that the accident was caused by the breaking of the cable, which was unsafe, insecure, and not in proper repair, and owing to the incompetency of the servants of his employer and the general contractor and the Hod Elevator Company, and to the failure on the part of all the defendants to properly inspect the cable. The date of the accident specified in the notice is October 20th, and it is so specified in the complaint; but it was shown that this was through inadvertence and without intent to mislead.

Section 18 of the Labor Law (Consol. Laws 1909, c. 31), in force at the time of the accident, provided as follows:

"A person employing or directing another to perform labor of any kind in the erection * * * of a house, building or structure, shall not furnish or erect, or cause to be furnished or erected, for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged."

[1] I am of opinion that the court erred in dismissing the complaint. The Hod Elevator Company does not come within the terms of the statute; but with respect to it I think that the plaintiff presented a prima facie case of negligence. On the facts disclosed by the record the cable would not have broken if it had not been defective, and the defect could have been discovered by proper inspection. It was the duty of the Hod Elevator Company, under the principles of the common law, to exercise reasonable care in furnishing a safe hoist and appliances, and to inspect the same at such intervals as the danger to be apprehended from a defect therein required. It is inconceivable that this accident would have happened, as shown by the evidence, if it had performed this duty.

[2] The general contractor, who caused the hoist to be installed for its own use, and the use of its subcontractors and their employés in performing work for it, is clearly liable under the statute; for the hoist at the time of the accident manifestly was unsafe, unsuitable, and improper for such use. Gombert v. McKay, 201 N. Y. 27, 94 N. E. 186; Caddy v. Interboro R. T. Co., 195 N. Y. 415, 88 N. E. 747, 30 L. R. A. (N. S.) 30; Warren v. Post & McCord, 128 App. Div. 572, 112 N. Y. Supp. 960, affirmed 198 N. Y. 624, 92 N. E. 1106; Dougherty v. Weeks, 126 App. Div. 786, 111 N. Y. Supp. 218; McMullen v. City of New York, 110 App. Div. 117, 97 N. Y. Supp. 109; Huston v. Dobson, 138 App. Div. 810, 123 N. Y. Supp. 892; Quigley v. Thatcher, 144 App. Div. 710, 129 N. Y. Supp. 170; Madden v. Hughes, 104 App. Div. 101, 93 N. Y. Supp. 324; affirmed 185 N. Y. 466, 78 N. E. 167; Tiedjen v. National Elevator Co., 141 App. Div. 529, 126 N. Y. Supp. 304; Smith v. Variety Iron Works Co., 147 App. Div. 242, 131 N. Y. Supp. 1033.

The liability of a subcontractor, making use of a hoist owned by a Hod Elevator Company and installed and operated by it under a contract with the general contractor, as did the plaintiff's employer, has not been decided by the Court of Appeals; but in Bohnhoff v. Fischer, 149 App. Div. 747, 134 N. Y. Supp. 28, the Appellate Divi-

sion in another department by a vote of three to two decided that a subcontractor would not be liable in such case. This court, in Kane Co. v. Kinney, 68 App. Div. 163, 74 N. Y. Supp. 260, expressed the opinion that a decision on a question of law by the Appellate Division in one department should be followed by the Appellate Division in other departments, with a view to having uniform decisions by courts of co-ordinate jurisdiction, even though the decision be deemed erroneous, and leave it for the Court of Appeals to correct the error, if any; but our opinion and decision on that point have not been accepted (Thompson v. Erie Railroad Company, 147 App. Div. 8, 131 N. Y. Supp. 627), and since very little would be gained in the interest of uniformity of decisions by one department adhering to the rule suggested, if it is not to be followed in the other departments, I feel free, not only to express my views with respect to the construction of this statute on the point in question, but also to vote for a decision in accordance therewith.

I am of opinion the plaintiff's employers *furnished* the hoist for his use within the fair intent and meaning of the statute. Doubtless in making their contract they counted on using the hoist to be installed in the building at the instance of the general contractor. The hoist was a time-saving appliance. The work could have been done without it, but doubtless at a very great increase in the cost of labor. The employé had no option in the premises. He had no time or opportunity, even if he possessed the necessary qualifications, to examine and test the hoist for himself. The operation of the statute is not confined to those who *erect* the hoist, or cause it to be erected. It extends to every person *employing or directing another to perform labor* of any kind in the erection of a building, *who furnishes* a hoist for their use in the performance of such labor. Baumgarten & Co. employed the plaintiff, and they, so far as he is concerned, *furnished* this hoist for him to use in performing the labor of moving this mortar from the ground to the fourth floor.

It is contended in behalf of Baumgarten & Co. that they did not own the hoist, that they were not in control of it, and that they had no right to inspect or repair it; but the answer to that argument is that they were not under any obligation to use it. If they desired to use it for the purpose of economizing time and saving money, they might have so contracted with the general contractor or with the Hod Elevator Company that they would have had the right to inspect the hoist and to make repairs. This legislation was designed for the protection of employés who are obliged to work for a livelihood, wherever and in such manner as they are directed, and are utterly powerless to protect their own lives and limbs in the dangerous employments to which the statute relates. The statute, therefore, should receive a liberal interpretation to accomplish that purpose, and not be unnecessarily confined and limited, so that further legislative action will be required to accomplish what was sought to be accomplished by the statute when enacted in its present form. The courts have given it a liberal construction in holding that the duty of the person fur-

nishing the hoist, or other appliance coming within the terms of the statute, is absolute, and cannot be delegated, but has not foreclosed the defenses of contributory negligence and assumption of risk, as, for instance, where the employé took part in the negligent construction. Gombert v. McKay, supra.

It having been authoritatively decided that the duty of the person who constructs a scaffolding or erects a hoist to be used in the performance of labor in the erection of a building is absolute and incapable of delegation under this statute, not merely as to his own employés, but as to all others making use of the structure for that purpose, it follows, I think, that an employer, by requiring his employés to use the hoist or other appliance specified in the statute, thereby *furnishes* it to them within the purview of the statute.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

DOWLING, J., concurs.

INGRAHAM, P. J. For the reasons stated by Mr. Justice LAUGHLIN in his opinion, we agree that the judgment as against the Andrew J. Robinson Company and the Hod Elevator Company should be reversed, and a new trial ordered, with costs to appellant to abide the event.

[3] As to the defendants Baumgarten, the judgment is affirmed, upon the authority of Bohnhoff v. Fischer, 149 App. Div. 747, 134 N. Y. Supp. 28.

McLAUGHLIN and MILLER, JJ., concur.