SECOND DEPARTMENT, MAY, 1920.*

CORNELIUS CASSIN, Appellant, v. STILLMAN, DELEHANTY, FERRIS COMPANY, Respondent.

*Negligence — injury received by employee of sub-contractor by breaking of ladder furnished by contractor — duty of contractor to keep appliances in safe condition.*

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 17th day of April, 1919, dismissing his complaint.

Judgment affirmed, with costs. No opinion. Jenks, P. J., Mills, Rich and Putnam, JJ., concur; Kelly, J., reads for reversal.

KELLY, J. (dissenting): My reasons, briefly stated, are, that in my opinion the question of defendant's negligence was for the jury. I think the evidence justified a finding that the ladder which broke and caused the injury was built and furnished by the defendant. It was furnished with full knowledge of the use for which it was intended, it was so used by plaintiff and his fellow-employees, servants of the sub-contractor, for some time before the accident with the knowledge and consent of defendant's foreman, and there is evidence that the defendant's foreman and defendant's employees also used the ladder as the direct and convenient means of access to the particular roof where the work was going on. The defendant concedes that it was not a proper or sufficient ladder for the use to which it was put. Upon the evidence I think there is no question as to the authority of defendant's foreman to supply the ladder. It was the usual and customary method in doing the work in which the sub-contractor was engaged. In any case it was a question for the jury whether the foreman was acting for defendant within the scope of his authority in supplying the ladder. The defendant owed to the plaintiff, lawfully engaged at work upon the premises, a duty to use reasonable care to keep the property and the ways in general use in such condition that plaintiff should not be unreasonably and unnecessarily exposed to danger. While it did not owe plaintiff the duty to provide for his absolute safety, it was obligated to exercise reasonable care to see that he was not exposed to injury from appliances in general use about the property, the dangerous qualities of which were concealed from him (3 S. & R. Neg. [6th ed.] § 704; *Beck* v. *Carter*, 68 N. Y. 283; *Larmore* v. *Crown Point*

*Iron Co.*, 101 id. 395; *Larkin* v. *O' Neill*, 119 id. 221, 225; *Griffen* v. *Manice*, 166 id. 196; *O'Leary* v. *Erie Railroad Co.*, 169 id. 289), and this liability did not depend necessarily upon any contractual relation between plaintiff and defendant directly. (*Thomas* v. *Winchester*, 6 N. Y. 410; *Coughtry* v. *Globe Woolen Co.*, 56 id. 127; *Devlin* v. *Smith*, 89 id. 470; *Dougherty* v. *Weeks & Son*, 126 App. Div. 786, 790.) It was liable for any injury which might reasonably be anticipated in view of all the circumstances. (*Cleveland* v. *New Jersey Steamboat Co.*, 68 N. Y. 306.) The plaintiff was more than a mere licensee; he was there upon the invitation, express or implied, and engaged upon the work of the defendant. The distinction is pointed out by Judge Collin in *Heskell* v. *Auburn L., H. & P. Co.* (209 N. Y. 90). I vote to reverse the judgment and grant a new trial.